In the Matter of the Application of SIMEON W. SMITH, Appellant, *v.* THE VILLAGE OF WHITE PLAINS, Respondent.

*Change in the grade of a street — damages to an abutting owner — recovery of, dependent on the statute — repeal of the statute — decision on motion of a question of constitutional law.*

An abutting owner has no vested interest in the grade of a street as established, and a change of grade does not constitute a taking of private property.

The right of an abutting owner to recover damages for a change of grade in a street is dependent entirely upon the statute.

Chapter 315 of the Laws of 1890, which empowers the board of trustees of the village of White Plains to change the grade of streets, and provides that the expense shall be assessed upon property benefited by three disinterested freeholders to be appointed by the board of trustees, and that the provisions of chapter 113 of the Laws of 1883, which give a right to an abutting owner to apply to the court for the appointment of commissioners to appraise damages by reason of a change of grade, shall not apply to a street changed, under the provisions of chapter 315 of 1890, is constitutional.

The answer to a petition for the appointment, by the court, of commissioners to appraise the damages sustained by the petitioner by reason of the change of grade of a street in the village of White Plains, alleged that the statute under which the petitioner proceeded was inapplicable by reason of the enactment of chapter 315 of the Laws of 1890, which latter statute the petitioner thereupon claimed was unconstitutional.

*Held,* that a dismissal of the petition on the above ground was, in effect, sustaining a demurrer, and was a trial of the legal question involving the constitutionality of the statute, and should be affirmed.

Appeal by the petitioner, Simeon W. Smith, from an order made at the Dutchess County Special Term and entered in the office of the clerk of the county of Westchester, on the 20th day of October, 1892, denying the application of the petitioner for the appointment of commissioners to ascertain and determine the amount of damage sustained by him by reason of a change in the grade of a street in the village of White Plains.

The motion for the appointment of commissioners was based upon a petition which stated, in substance, that the village of White Plains was a municipal corporation and the petitioner was the owner of two parcels of land situate on both sides of a street of the village, the

natural grade of which had been lately changed by the village authorities to a lower level and large quantities of soil and dirt removed from the street, whereby the petitioner's premises, along the whole line of said street on both sides thereof, were left at an elevation of many feet above the new grade, which greatly damaged the premises and which could not be remedied without great expense, the damages to the property having been estimated at $3,000, and that a claim therefor had been presented to the village more than thirty days before the petition was made, which claim the village failed to adjust.

Upon the motion the defendant filed an answer praying for the dissmissal of the petition on the following ground, after admitting certain allegations of the petition and denying others :

*Fifth.* The said village further answering said petition and in opposition to the prayer of the same, respectfully shows to the court that the act or acts of the legislature, under which the said petition is prepared and under which the same will be presented, do not apply to the subject-matter of this petition and are not controlling on this defendant, for the reason that by an act of the legislature of the State of New York, duly approved by the governor May 12, 1890, and designated as chapter 315 of the Laws of 1890, it was there provided that chapter 113 of the Laws of 1883, entitled "An act in relation to alterations of highways, streets or bridges in incorporated villages," and the acts amendatory thereof shall not apply to a street, avenue or highway or bridge changed or altered by the board of trustees of the village of White Plains, under the provisions of chapter 315 of the Laws of 1890 ; and the said village further shows that any and all changes of grades of the streets, avenues or highways in the said village of White Plains, since the passage of the said last-mentioned act, have been made by the said board of trustees in pursuance of the power and authority vested in them by such act.

At the hearing the petitioner claimed that chapter 315 of the Laws of 1890, was unconstitutional. The decision of the court was embodied in the order appealed from, which is as follows :

On reading and filing the petition of Simeon W. Smith, and the notice of motion for the appointment of commissioners, and the answer of said village, then and there filed, and a motion having been made on behalf of said village to dismiss the petitioner's pro-

ceedings, then and there, upon the statute referred to in the "fifth" subdivision of the answer, which statute the petitioner claimed was unconstitutional;

Now, therefore, after hearing counsel for the respective parties, it is ordered that said application of the petitioner for the appointment of commissioner be and the same hereby is denied and said petition dismissed, without costs.

On the appeal the petitioner insisted that the denial of his application and the dismissal of the petition on motion, after the question of the constitutionality of chapter 315 of Laws of 1890 had been raised, was error, for the reason that the question of whether or not a law is unconstitutional should not be decided on a motion, but should be the subject of a trial.

Section 15 of chapter 315 of Laws of 1890, amending section 20 of the charter of the village of White Plains, relating to the change of grade of streets in the village, provides that the board of trustees of the village "shall also have power to change or alter the grade of any street, avenue, highway or bridge in said village (laid out or accepted by said village), and to grade and regrade the same, and the expense of such changing, altering, grading or regrading, and all damages to adjoining property occasioned thereby or to the use thereof shall be assessed upon the real property fronting on said street or avenue benefited thereby in proportion to the amount of such benefit, by three disinterested resident freeholders of said village, to be appointed by the board of trustees;" that notice of fifteen days shall be given of the assessment and of the day when it will be confirmed by the board, and that in the meantime any person interested may appeal to the board of trustees; and that "the provisions of chapter one hundred and thirteen of the Laws of one thousand eight hundred and eighty-three, entitled ' An act in relation to alterations of highways, streets or bridges in incorporated villages,' and the acts amendatory thereof shall not apply to the street, avenue, highway or bridge so changed or altered under the provisions of this section."

Section 1 of chapter 113 of Laws of 1883 is as follows: " Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or

adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the Supreme Court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration."

*Wilson Brown, Jr.*, for the appellant.

*H. T. Dykman*, for the respondent.

PRATT, J.:

The appellant's contention is based upon the idea that an abutting owner has a vested interest in the grade of a street as established, and that a change of grade is a taking of private property. We believe this to be an error.

The right of an abutting owner to recover damages for a change of grade in a street depends upon statute, and in many, and, perhaps, most cities of the State, does not exist. The legislature had the power to repeal the act of 1883 in whole or in part.

We do not see that a land owner in White Plains has any more right to complain that he has lost the benefit of the act of 1883, than a land owner in Brooklyn has that he has never been allowed such relief. The remedy provided for the White Plains land owner may be imperfect, but for similar injuries property holders in other localities have no remedy whatever.

Dismissing the petition on the ground set forth was, in effect, sustaining a demurrer. We think there was a trial of the legal question and the order must be affirmed, with costs.

CULLEN and BROWN, JJ., concurred.

Order denying motion for the appointment of commissioners affirmed, with costs and disbursements.