LAWTON v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department.    January 24, 1908.)

MUNICIPAL CORPORATIONS—CHANGE OF STREET GRADE — DAMAGES — VESTED RIGHT.

> Plaintiff conveyed land to a village for a street, when Laws 1883, p. 100, c. 113, as amended by Laws 1884, p. 342, c. 281, applicable to incorporated villages, would have authorized a proceeding by him against it for damages for a change in the grade. The grade was changed after the village was dissolved, and from its territory defendant city was created by Laws 1899, p. 152, c. 128, by section 254 (page 259) of which it is provided that all contracts, obligations, and liabilities imposed on the village are transferred to and imposed on the city, and that the rights of all persons that have arisen or accrued under or by reason of any such contracts, obligations, or liabilities on the part of the village shall remain and be the same under this act as they would have been under the charter of, and laws relating to, such village. *Held*, that not only did plaintiff not acquire a vested property right, in the nature of an easement in the street, to have it maintained at the grade first established, but that, even if he had, he had no vested right to have damages resulting from invasion of that right ascertained in the manner provided by the statute applicable only to villages.

Appeal from Special Term, Westchester County.

Claim of J. Warren Lawton against the city of New Rochelle for damages for change of grade of a street. From an adverse judgment and order (51 Misc. Rep. 184, 100 N. Y. Supp. 771), defendant appeals. Reversed, and motion denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William D. Sawyer, for appellant.

William H. Maginnis (John Cummins, on the brief), for respondent.

MILLER, J. This is an appeal from a judgment appointing commissioners, rendered in a proceeding instituted pursuant to chapter 113, p. 100, Laws 1883, as amended by chapter 281, p. 342, Laws 1884, to determine the damages to which the petitioner is entitled by reason of a change in the grade of a street of the appellant made in 1904. The appellant, the city of New Rochelle, was created by chapter 128, p. 152, Laws 1899, and by that act it was provided that the corporation known as the village of New Rochelle should be dissolved (section 254). The respondent claims the right to maintain against the appellant a proceeding authorized by a statute applicable only to incorporated villages, because of a grant made by him and others in 1887 to the village of New Rochelle of a strip of land for the street, whose grade was changed as aforesaid.

The learned judge at Special Term held that the statute in force at the time of said grant, providing a procedure for the appraisement of damages occurring from changes in grade, was a part of the contract between the grantors and the village, and that thereby the grantors acquired a vested easement in the street to have it maintained at the grade first established. The learned judge had some doubt as to the procedure, but did not heed such doubt for fear of imperiling the right. I do not think the petitioner had a vested right either to damages or

to the procedure prescribed for the ascertainment thereof. The authorities relied upon to support the decision below are Muhlker v. N. Y. & Harlem R. R. Co., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872, and Torge v. Village of Salamanca, 176 N. Y. 324, 68 N. E. 626. But, as I read the decision in the Torge Case, it was expressly put upon the ground that chapter 113, p. 100, of the Laws of 1883, so far as it related to the change of grade involved in that case, was not repealed by the general village law (Laws 1897, p. 420, c. 414, § 159). The learned judge who wrote in that case did say:

"The right secured to an abutter to compensation for a change in the grade of a street is substantially the grant to him of an easement in the street to have it maintained at its existing grade, and any such easement created by the statute is in every respect analogous to those invaded in the elevated railroad cases."

But his whole discussion preceding that statement shows that, had said act of 1883 been repealed absolutely, and not in the qualified and limited manner pointed out, the decision would have been the other way. Certainly the court did not hold in that case that the statute in question was a contract, the obligation of which would be impaired by its repeal. The plenary power of the Legislature over municipal corporations, subject, of course, to express constitutional limitations, is too well settled to require discussion here. MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863. The court held in that case that the remedy for the personal injury involved was statutory, and it followed that there was no limitation on the power of the Legislature to deprive the citizen of it.

But it is urged that the Muhlker Case decided that the Court of Appeals could not change or modify a prior decision defining rules of property, so as to affect rights acquired on the faith of the prior decision, and it is argued by analogy that the Legislature, having given a remedy for what was before damnum absque injuria, cannot take it away from one who has made a contract while the statute giving the remedy was in force. The Court of Appeals did not change any rule of property in the Muhlker Case, 173 N. Y. 549, 66 N. E. 558. The rule that abutters have easements in the street of light, air, and access was not questioned; but it was held, overruling the Lewis Case, 162 N. Y. 202, 56 N. E. 540, and distinguishing the elevated railroad cases, that, as the viaduct was constructed by legislative command for the purpose of improving the street, and not for the benefit of the railroad company, its construction and the operation of trains thereon did not constitute a taking of property, but only resulted in consequential damages too remote to be recovered. The Supreme Court held that the acts complained of did amount to a taking within the meaning of the fourteenth amendment; but that decision did not overrule Radcliff's Ex'rs v. Mayor, etc., of Brooklyn, 4 N. Y. 195, 53 Am. Dec. 357.

The case is not changed by the fact that the respondent conveyed the land to the village for a street in 1887. Certainly there was no express contract on the part of the village to pay damages in case the grade of the street established should be changed at any time in the future, and such a contract cannot be implied from a statute which every one

was conclusively presumed to know was subject to repeal at the will of the Legislature. Meriwether v. Garrett, 102 U. S. 472–511, 26 L. Ed. 197. The Legislature has seen fit to dissolve the corporation to which the statute in question applied and to create another, without giving any remedy against it for damages occurring from changes in the grades of its streets. The respondent had no vested right to damages before the grade was changed, and when the change occurred it was damnum absque injuria. The charter of the city of New Rochelle (section 254) contained the usual provision preserving contracts, obligations, and liabilities, viz.:

"All duties, contracts, obligations and liabilities imposed upon said village of New Rochelle are hereby transferred to, vested in and imposed upon the city of New Rochelle. * * * The rights and privileges of all persons or parties that may have arisen or accrued, under, pursuant to or by reason of any such contracts, obligations or liabilities, on the part of said village, shall remain and be the same under this act as they would have been under the charter of and laws relating to said village."

But these provisions cannot aid the respondent, for the plain reason that his rights had not "arisen or accrued." This judgment rests upon the proposition that the respondent acquired a vested property right, in the nature of an easement in the street, to have it maintained at the grade first established; but, if I am wrong in controverting that proposition, it by no means follows that he had a vested right to have damages resulting from the invasion of that right ascertained in a particular manner. There is no provision in the appellant's charter for any such proceeding as that followed in this case, and the right to maintain it to appraise damages that had not accrued when the appellant was created cannot be spelled out of the clauses quoted supra. The suggestion of the learned judge below, that the right would be imperiled by denying this particular remedy, tends to support the conclusion that the right itself does not exist. If this judgment can be sustained, it will not be difficult to find very many provisions of village and city charters in full force and vigor, supposed long since to have been repealed.

The judgment should be reversed.

Judgment and order reversed, with costs, and motion denied, without costs. WOODWARD and JENKS, JJ., concur. RICH, J., votes to affirm upon the opinion of Burr, J., at Special Term. HIRSCHBERG, P. J., not voting.