PETER FOLMSBEE, Respondent, *v.* THE CITY OF AMSTERDAM, Appellant.

Although, in the absence of a statute providing for compensation, an abutting owner, whose land is injured by the change of grade of a street lawfully made, is without remedy, where the title of such owner extends to the center of the street, if the municipality illegally and wrongfully excavates or otherwise interferes with the street, it is liable to him for the damages.

When it is necessary in order to effectuate the plain purposes of a statute, the word "or" may be changed to "and" or "nor."

Under the charter of the city of Amsterdam (§ 95, chap. 131, Laws of 1885), before the grade of a street which has once been established can be changed, there must be a "petition of the owners of a majority of the lineal feet fronting on the part of the street to be graded," and compensation must also be made to the owners of the property injured by the re-grading.

To establish the grade of a street within the meaning of said charter, it is not essential that there should be a formal ordinance; it may be established by long user and by the acquiescence and recognition of the municipality.

In an action brought by plaintiff to recover damages to his lots bounded on S. street in said city, caused by changing its grade, and also to vacate an assessment upon said lots for sidewalks constructed in front thereof on said street and K. street, these facts appeared: S. street had been used as a public street for more than forty years; it was graded and improved by the municipality and houses were built compactly on both sides, conforming to the grade of the street as it then existed. Sidewalks had been built under direction of the municipal authorities upon grades given by them. Defendant's common council passed a resolution establishing a new grade for S. street. There was no petition of owners requesting the change. To conform to the change of grade, S. street was excavated in front of plaintiff's premises and a new sidewalk

laid.  *Held,* that plaintiff was entitled to recover his damages; and that the assessment for laying the sidewalk was void.

Also *held,* that the assessment was void, as it included the expense of a sidewalk on K. street, which the common council had not by ordinance ordered to be constructed, and which plaintiff had not by any notice been required to construct as required by the charter.

Reported below, 66 Hun, 214.

(Argued March 8, 1894;  decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 22, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages to certain lots belonging to plaintiff on Spring street, in the city, formerly the village, of Amsterdam, alleged to have been caused by changing the grade of the street, and also to vacate an assessment upon said lots for sidewalks constructed in front of them on Spring and Kimball streets.

The premises in question were situated on the corner of Spring and Kimball streets, and were purchased by plaintiff in 1872, his title extending to the center of the highway.   Since 1850 Spring street had been graded and used by the public, and work done thereon by the village authorities, and sidewalks built on each side of it, the grade and location thereof being fixed and adjusted by the village trustees.   More than twenty years ago Kimball street was opened and laid out as a street connecting with Spring street.   In August, 1887, plaintiff was notified by the defendant that he was required to build sidewalks, curbs and gutters in front of his premises on Spring street, within sixty days from the date of said notice, the sidewalks, curbs and gutters to conform to the grade established by ordinance of defendant's common council October 5, 1886.   In December, 1887, defendant excavated on Spring street, cutting it down several feet in front of plaintiff's lots, and re-laid the sidewalks at the new grade.   This was done without any petition or consent on the part of the abutting owners, and without payment of damages.

The assessment for laying sidewalks in front of plaintiff's lots included the expense of the sidewalk on Kimball street, which the common council had not by ordinance ordered to be constructed, and which plaintiff had not been notified to construct, as required by said charter (§ 98).

Further facts are stated in the opinion.

*Edward J. Maxwell* for appellant.   By section 95 of the charter the common council of said city were given full power to grade Spring street.   It was not a change of grade, but an original grading.   There is no inhibition on any such work until " the grade of the street has been established and the street graded accordingly." (*O'Reilly* v. *City of Kingston*, 114 N. Y. 445; *Whitmore* v. *Village of Tarrytown*, 51 N. Y. S. R. 69.) The rule is well settled that an abutting owner cannot recover damages for street grading in a city without a special provision in the charter. (*Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Selden* v. *D. & H. C. Co.*, 39 id. 642; *Coster* v. *Mayor, etc.*, 43 id. 415; *Brooklyn* v. *Armstrong*, 45 id. 245; *People* v. *Belerick*, 20 Barb. 231; *Ely* v. *City of Rochester*, 26 id. 137; *Swett* v. *City of Troy*, 12 Abb. Pr. [N. S.] 103; *Comrs. of Kensington* v. *Wood*, 49 Am. Dec. 582.) With respect to the portion of the judgment restraining defendant from enforcing the assessment for sidewalks in front of plaintiff's premises, the claim is made that plaintiff was given no notice.   No direct notice was required. Constructive notice was given, and was also provided for by the charter. (*In re City of Amsterdam*, 36 N. Y. S. R. 950; *Williams* v. *Dunkirk*, 3 Lans. 44; *Haskell* v. *Village*, 5 id. 43; *Vill. of Fulton* v. *Tucker*, 5 T. & C. 624; *People* v. *Mayor, etc.*, 4 N. Y. 419; *Muncy* v. *I. Co.*, 18 How. [U. S.] 272.) The power of taxation ought not to be interfered with by injunction except under very special circumstances. (*Stevens* v. *N. Y. & O. R. R. Co.*, 13 Blatchf. 104; *R. W. R. R. Co.* v. *Smith*, 101 N. Y. 684.) The plaintiffs have mistaken their remedy if they had any.   They have no remedy by action in any event. (2 Dillon on Mun. Corp. [4th ed.]

814; *Watson* v. *City of Kingston,* 114 N. Y. 88; *Radcliff* v. *Mayor, etc.,* 4 id. 203; *Conkling* v. *N. Y., O. & W. R. R. Co.,* 102 id. 107; *Lynch* v. *Mayor, etc.,* 76 id. 60; *Wilson* v. *Mayor, etc.,* 1 Den. 595; *Heiser* v. *Mayor, etc.,* 104 N. Y. 68; *Bartlett* v. *Village of Tarrytown,* 30 id. 341.)

*W. B. Dunlap* for respondent. The provision of the charter prohibiting a change of grade without the consent of property owners being in derogation of the rights of property and providing a remedy for the taking of property should be so construed as to effect the purpose which it was intended to accomplish. Unless the statute plainly and clearly takes away the right of the citizen it should not be construed to deprive him of a remedy that had theretofore existed. ( *W. Cemetery* v. *R. R. Co.,* 4 Abb. [N. C.] 15, 19; Laws of 1883, chap. 113; *Wood* v. *Lacombe,* 99 N. Y. 43; *O'Reilly* v. *City of Kingston,* 114 id. 445; *L. S. R. R. Co.* v. *Roach,* 80 id. 344.) The defendant, or its common council, were bound to follow all the requirements of the statute in order to acquire jurisdiction of the subject-matter. (71 N. Y. 309; 15 id. 516; 66 id. 395; 42 How. Pr. 115; 123 N. Y. 31; 6 id. 92; 73 id. 73; 139 id. 481.) That which the legislature has directed, the courts cannot declare immaterial. (71 N. Y. 309; 123 id. 31; 139 id. 481.) The work was done without a petition and without making any compensation. It is clearly right and the obvious intention that the petition or compensation shall precede the establishing of the new grade and regrading. ( *O'Reilly* v. *City of Kingston,* 114 N. Y. 439; *Bell* v. *Mayor, etc.,* 105 id. 139; *Delafield* v. *Brady,* 108 id. 524; *Wood* v. *Lacombe,* 99 id. 43; *Bartlett* v. *Vil. of Tarrytown,* 55 Hun, 492.) The respondent has pursued the proper remedy. (*Seifert* v. *City of Brooklyn,* 101 N. Y. 136; Dillon on Mun. Corp. §§ 990–994.) The appellant having answered on the merits, tried the action without objection as to its being the proper remedy, and never having raised the question except by a supplemental brief at the General Term is now estopped from objecting that this action is not the

proper remedy.   The objection should have been taken at the first opportunity.   (*Stearns* v. *L., N. Y. & P. S. S. Co.*, 57 N. Y. 1;  *Vose* v. *Cockroft*, 44 id. 415;  *Thayer* v. *Marsh*, 75 id. 342;  *Delany* v. *Brett*, 51 id. 78;  *Salisbury* v. *Howe*, 87 id. 128;  *Quinn* v. *Carhart*, 133 id. 579;  *Cowenhoven* v. *Ball*, 118 id. 232.)   The prevailing party is entitled to the most favorable construction of the findings to uphold the judgment.   (*Hill* v. *Grant*, 46 N. Y. 496;  *Waugh* v. *S. Bank*, 115 id. 46.)   The proceedings for the laying of sidewalks were utterly void, and the statute, so far as it assumes to permit the common council to levy an assessment for laying sidewalks, was unconstitutional.   (*Stewart* v. *Palmer*, 74 N. Y. 83;  *Remsen* v. *Wheeler*, 105 id. 573;  *Marsh* v. *City of Brooklyn*, 50 id. 280;  *Newall* v. *Wheeler*, 48 id. 486.)

EARL, J.   This action was brought by the plaintiff to recover damages to his lots bounded on Spring street in the city of Amsterdam, caused by changing the grade of the street, and also to vacate an assessment made upon the lots for sidewalks constructed in front thereof on Spring and Kimball streets. The plaintiff recovered a judgment for his damages and vacating the assessment, and that judgment is brought under review by this appeal.

(1) Except as some statute may provide for compensation to an abutting owner whose land is injured by a change in the grade of a street, lawfully made, he is without remedy, and however serious his damages may be he can receive no compensation. (Dillon's Municipal Corporations, §§ 990, etc.; *Radcliff's Executors* v. *The Mayor*, 4 N. Y. 195.)   But where the title of the abutting owner extends to the center of the street, whoever, without authority of law, illegally and wrongfully excavates or otherwise interferes with the street, is responsible to him for the damages.   Here the city caused the street adjoining the plaintiff's lots to be cut down several feet, and unless this was legally done by authority of law it is responsible to him for his damages.   It claims that it was authorized to change the grade of the street under its charter.

(§ 95, chap. 131 of the Laws of 1885.)   That section provides
that the common council shall have power to cause any street
" to be graded, paved or repaired," and to determine by reso-
lution what part or portion, if any, not exceeding twenty-five
per centum, of the expense thereof shall be paid by general
tax upon the city, and what part or portion shall be defrayed
by special assessment upon such portions of the real estate
and against the owners and occupants thereof as the assessors
of the city shall deem more immediately benefited by the
improvement.   In the same section it is provided, however,
that " when the grade of a street has been established and the
street graded accordingly, the grade shall not be changed and
the street graded according to the changed grade, except upon
petition of the owners of a majority of the lineal feet fronting
on the part of the street to be graded, or unless compensation
be made to the owners of property injured by the re-grad-
ing, such compensation to be determined by agreement or by
the three commissioners to be appointed by the County Court
of Montgomery county or the Supreme Court," etc.

Abutting owners are frequently seriously injured by chang-
ing the grades of streets in front of their property, and, as
has been stated, without some special provision of law, they
are without remedy.   This provision in the charter of the
defendant was inserted to give relief in such cases.   It was
intended to provide for all cases where the previously estab-
lished grade of a street shall have been changed so as to cause
damages to the abutting owners, and the statute must be so con-
strued as to give effect to the policy thus indicated.   Before
the grade of a street which has been once established can be
changed two things must occur, there must be the petition of
the owners of a majority of the lineal feet fronting on the
street to be graded, and compensation must be made to the
owners of the property injured by the re-grading.   The literal
reading of this portion of the section would require only one of
these two things, either the petition or the compensation.   But
to effectuate the plain purpose of the statute the word " or "
should be " and " or " nor," and such a change in a word, to

give effect to the plain intention of the legislature, is sanctioned by many precedents.   Unless the language be so read an abutting owner might be opposed to the improvement of a street in front of his premises, and yet, if a majority of the owners petitioned for the improvement, he would be without any remedy for the damages thereby caused to him.   His damages are just as great whether the improvement has been petitioned for or not, and the fact of the petition should not subject him to damages without compensation.   It is said that section 95 in the defendant's charter was copied substantially from section 98, chapter 150 of the Laws of 1872, the charter of the city of Kingston, and in that section the word " nor " is used in the particular provision now under consideration, instead of the word " or."   So we are of the opinion that, assuming that the grade of Spring street had been once established, its grade could not be changed, except upon the petition of the owners of a majority of the lineal feet fronting upon the part of the street to be graded.

It is said, however, on the part of the defendant, that the grade of this street had never been previously established, and, therefore, that this was not a case of a change of grade.   We think, upon the undisputed facts in this case, that the grade of the street had become established.   It had been used as a public street for more than forty years.   Houses were built compactly on both sides, conforming to the grade of the street as it then existed, and the street was graded and improved by the city and its predecessor, the village of Amsterdam.   Sidewalks had been built under direction of the municipal authorities upon grades given by them, and thus it is clear that the grade had become established by long usage, and by the acquiescence and recognition of the village and the city.   The claim that the grade of a street could become established within the meaning of the statute under consideration only by a formal ordinance of the municipality finds no sanction in the language used.   There are many streets in cities and villages the grades of which have not been established by ordinances.   They have either been left in their natural condition or worked and

improved from time to time by the municipal authorities without the formal establishment of any definite grade; and when upon such streets buildings are erected conforming to the existing grade, if that grade be changed, the mischief arises for which the provision in section 95 was intended to provide. Without referring minutely to the evidence in this case, we think sufficient appears to show that the grade had become established prior to 1887 when the defendant caused the change of the grade of which the plaintiff complains. There are precedents for the conclusion that the grade of a street may become established by usage, acquiescence and recognition without any formal ordinance on the part of the municipality. (*McCall* v. *Village of Saratoga Springs*, 29 New York State Reporter, 699; *Bartlett* v. *Village of Tarrytown*, 30 id. 341; *O'Reilley* v. *City of Kingston*, 114 N. Y. 439; *Whitmore* v. *Village of Tarrytown*, 137 id. 409.) Therefore, as there was no petition for changing the grade of this street as required by the section of the statute referred to, the defendant was wholly without authority to inaugurate the change, and its interference with the street was wrongful and illegal, and it became responsible to the plaintiff for any damages thereby caused to his property.

It also appears that the contract for doing the work was made without authority, and hence the defendant is without any justification whatever for its interference with the street in front of the plaintiff's premises.

But the claim is further made on behalf of the defendant that the plaintiff's only remedy for damages caused to him by the change of grade was that given by the section, to wit, the appraisal of the damages and the award of compensation by three commissioners. But the remedy there provided can be invoked only in the case of the lawful change in the grade of the street. Where the change is utterly illegal and void there is no authority for the appointment of commissioners, and such commissioners, if appointed, would have no jurisdiction to determine and award the compensation. Hence, the only remedy of the plaintiff was by action to recover his damages.

(2)  The assessment for laying sidewalks in front of the plaintiff's premises on Spring street was utterly void for the reasons stated in the opinion of the referee.   It is sufficient to condemn the assessment that it included the expense of the sidewalk on Kimball street, which the common council had not by ordinance ordered to be constructed, and which the plaintiff had not by any notice been required to construct as provided in the charter of the defendant.

Our conclusion, therefore, is that the judgment is right and should be affirmed, with costs.

All concur.

Judgment affirmed.