(61 Misc. Rep. 18.)

## KLINE v. STATE.

## MOYER v. SAME.

### (Court of Claims of New York.   October, 1905.)

CANALS (§ 17*)—CLAIMS AGAINST STATE—FAILURE TO REPAIR BRIDGE.

The state appropriated the bed of a stream over which there was a bridge in the construction of a canal, and built a new bridge which became out of repair, and for a long time the state excluded travel therefrom, but neither repaired nor allowed the town authorities to do· so.   *Held*, that the state was liable to the owner of a hotel adjacent to the bridge who suffered damage for want of public access thereto.

[Ed. Note.—For other cases, see Canals, Cent. Dig. § 25;  Dec. Dig. § 17.*]

Prosecution of claims by Jay B. Kline and Beal Moyer against the State for failing to repair a bridge over a state canal.   Motion to dismiss claims denied.

Jay B. Kline, for claimants.

Julius M. Mayer, Atty. Gen., and Willis H. Tennant, Deputy Atty. Gen., for the State.

RODENBECK, J.   When these claims were called for trial, a motion was made by the state to dismiss them, upon the ground that the facts stated·in the claims did not constitute a cause of action against the state.   The motion was taken under advisement by the court, and was submitted upon the claims in each case, and upon a written statement of facts which the claimants expected to be able to prove upon the trial.

The claimant Kline is the owner of premises situated on the main highway running from his land to the city of Syracuse, which is his principal market.   A part of his premises is situated on this highway where it crosses the Seneca river, and is adjacent to a bridge which it is claimed the state negligently failed diligently to repair.   A hotel is situated upon part of his premises, and a portion of his claim is for damages for depreciation in the rental value of the hotel.   The claimant Moyer was a tenant of claimant Kline while the damages are alleged to have occurred.   The remainder of the facts are set forth sufficiently in the following statement which was submitted with the motion:

"For the purpose of submitting to this court the question of liability of the state for damages herein, the claimant makes the following statement of facts which he expects to prove upon the trial of this action.

"That the plaintiff was, at all of the times described in the complaint, the owner of the premises therein described; that the main highway between the city of Syracuse and Baldwinsville, N. Y., extends through plaintiff's premises, and crosses the Seneca river at that point; that said highway has been in existence from the time of the organization of Onondaga county, and before any of the canals of this state were built; that in order to connect said highway at said premises a bridge was erected over Seneca river; that thereafter the said state of New York constructed the Erie and Oswego Canals, and made Seneca river, at the place where said bridge crossed, a part of the canal system of the state, and built a towpath on the southerly side of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said river at said point, connecting Oswego Canal, at Mud Lock, with the lock of the canal at Phœnix, N. Y., and also built a towpath, on the opposite side of said river, from the northerly end of said bridge to Baldwinsville, and tore down said bridge, and erected a new bridge, and made it extend over said towpath, and has maintained and used it ever since as a canal bridge, and as a part of the canal system of said state; that this state of affairs existed at all of the times described in the complaint; that on the 3d day of July, 1903, by reason of some defect in one of the abutments of said bridge, the defendant caused to be posted, at several places in the highway, notices forbidding the public from using said bridge, and closed the bridge with bars of iron and boards, so that it could not be used, and stationed its servants and agents at said bridge, forbidding and preventing any one from passing over it, and continued so to do for about two years; that during that time the said state made no effort whatever to repair said bridge, or afford the public any facilities for crossing said river; that, at all of the times stated, the said state assumed absolute control of said bridge, and refused to allow it to be repaired; that the towns of Salina, and Lysander, which have contributed to the maintenance of said bridge, offered to repair the same at a very small expense, but the said state refused to allow them to do so; that there was no way of delivering produce from claimant's premises to the city of Syracuse, which is the principal farming market in that locality, while said bridge was closed, without going many miles farther; that claimant and others called upon the defendant a great many times to repair said bridge, or afford some means of transportation across said river, which the defendant neglected and refused to do, stating as a reason that it wanted to build a new bridge, which would be suitable for the barge canal about to be constructed, and defendant would not repair the old bridge; that it did build a new bridge during the summer of 1905; that, by reason of the conduct of the state in refusing to repair said bridge as above described, this claimant suffered actual damages, which are itemized and set forth in the complaint herein."

This is a case of the failure of the state diligently to repair a bridge, by which negligent act the claimants allege that they suffered damage. From the facts it appears that it was the duty of the state to repair the bridge, and that, in the performance of that duty, it closed the bridge to public travel while the repairs were being made. The bridge was closed for that purpose July 3, 1903; but, instead of making the repairs, the state arbitrarily and negligently allowed the bridge to remain closed, and negligently failed to make the repairs until the year 1905, a period of two years. These facts are drawn from the statement of the claim and the written statement of facts submitted on the motion, which facts we must assume to be true for the purposes of this motion. The state cannot close a bridge forming a part of a public highway, and arbitrarily and negligently omit to make repairs, without rendering itself liable to special damages occurring to the abutting owner on the highway, particularly if his property abuts upon a bridge, as does a part of the property in question. If this were not true, the traffic upon important streets in cities where canal bridges exist could be congested and great damage done to the abutting property for an indefinite period without recourse for damages. The state may close a bridge for repairs; but the repairs must be made with reasonable diligence, unless legal grounds are shown for the delay. Upon the facts before the court, no excuse is shown for the delay; but, on the contrary, it appears that the delay was arbitrary and negligent. The state cannot evade its duty to repair a bridge by arbitrarily closing it and allowing it to remain closed. Upon the claim and upon the facts

submitted, the claim cannot be dismissed but must be heard upon its merits. Rochester White Lead Co. v. City of Rochester, 3 N. Y. 463, 53 Am. Dec. 316. The state of facts in this case must not be confused with a case of damages occurring while repairs are in progress or an improvement of a public bridge is under way, but it is a claim for damages for failure to enter upon the performance of that duty. The state, without subjecting itself to claims for damages, has a reasonable time in which to prepare for repairs to a public bridge, and the necessary time to make such repairs when begun. Damages that occur while repairs or improvements are being prosecuted diligently are damnum absque injuria, which the public must endure in the absence of statutes allowing damages. Sometimes damages are permitted by statute where public improvements are made, as, for instance, where the grade of a street is changed (Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821), and where an improvement is one for the benefit of private or corporate interests, and interferes with the right to light, air, and access (Story v. New York El. R. R. Co., 90 N. Y. 122, 43 Am. Rep. 146; Sander v. State, 182 N. Y. 400, 75 N. E. 234). Nor must the case at bar be confused with a case where a public highway or bridge is abandoned by the authorities. The state in this instance for two years negligently failed to repair a bridge, and then constructed a new one. It might have abandoned the bridge for a sufficient reason without subjecting itself to liability for damages, if another suitable means of access remained to the claimants' premises. Coster v. Mayor, 43 N. Y. 399; Fearing v. Irwin, 55 N. Y. 486; Egerer v. N. Y. C. & H. R. R. R. Co., 130 N. Y. 108, 29 N. E. 95, 14 L. R. A. 381; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353. Judge Finch says, in Kings Co. Fire Ins. Co. v. Stevens, supra, that "The rule preserves access, but does not give two modes of access and a double right of way." Page 418 of 101 N. Y., and page 355 of 5 N. E. Judge Potter says, in Egerer v. N. Y. C. & H. R. R. R. Co., supra, that the authorities may discontinue a street without liability for damages, where "there is left to the private citizen other and suitable means of access" (page 114 of 130 N. Y., and page 97 of 29 N. E., 14 L. R. A. 381); but he also says:

"I am not disposed to adopt the doctrine that a municipality may close up a street upon which abutting owners have built expensive structures for residences and business, and enjoyed access to them from the street so closed for many years, arbitrarily and without compensation for the injuries done to such rights." Page 114 of 130 N. Y., and page 97 of 29 N. E., 14 L. R. A. 381.

The motion should, therefore, be denied, and the state should be remanded to its proofs. In making this disposition of the motion, the court does not undertake to pass upon the merits of the claim nor upon the validity of the items of damages claimed, but merely holds that, upon the claims and the facts submitted, a prima facie case is made for such special damages as the claimants can prove.

Motion to dismiss claims denied.