though the doctor admitted that he could not ascribe it to the accident, the evidence was proper. inasmuch, as it was proven that it did not exist before the accident and was discovered in the injured member immediately afterwards.

But it was error to exclude the evidence, offered on the defendant's behalf, designed to show that one of its rules required that a report be made to it of the happening of an accident. The defendant was entitled to insist that no accident had occurred; it was permitted to prove that no report of the accident had in fact been made by the conductor in charge of the car; and it was entitled to strengthen and supplement this evidence, by competent proof that one of its rules required such a report to be made in all cases. See Shadletsky v. New York City Ry. Co. (Sup.) 88 N. Y. Supp. 1014.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.

---

(109 App. Div. 899.)

## BERNSTEIN v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—PROPERTY OWNER —REMEDIES.

Laws 1892, c. 182, §§ 168, 187, authorize the city of Mt. Vernon to alter or change the grade of any street or highway or any part thereof, and the latter section provides for compensation to property owners injured by such improvements, and the manner in which their damages shall be ascertained and determined. *Held*, that for an injury occasioned to a property owner as the result of an alteration of an existing grade in a proceeding commenced under such act the property owner had no remedy except that therein provided.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 989.]

2. SAME—ACTION FOR DAMAGES.

In an action by an adjoining property owner against the city of Mt. Vernon for damages suffered by an alleged change of grade the burden **was on** the plaintiff to affirmatively show that the common council in **making** the improvement did not comply with Laws 1892, c. 182, §§ 168, 187, authorizing the change of such grade, and that the proceedings were illegal and void, in order to establish a prima facie case.

Appeal from Westchester County Court.

Action by Sarah Bernstein against the city of Mt. Vernon. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

Arthur M. Johnson (Isaac N. Mills, on the brief), for appellant.
William J. Marshall, for respondent.

RICH, J. . A recovery was had in this action, upon the theory that the defendant, in altering the grade of South Seventh avenue, proceeded without authority of law; and its action being illegal and wrongful, it became liable to the plaintiff, her title extending to the center of the street, for the damages sustained by her as the result

thereof. Authority is conferred upon the defendant to alter or change the grade of any street or highway or any part thereof. Chapter 182, §§ 168, 187, of the Laws of 1892. The latter section also provided for compensation to property owners injured by such improvements, and the manner in which their damages shall be ascertained and determined. For an injury occasioned as the result of a change or alteration of an existing grade, in a proceeding commenced under the provisions of this section, a property owner has no remedy, except that therein provided. And in a case where all the requirements of this section have been complied with, and the common council has proceeded under its provisions, a property owner injured by the improvement cannot maintain an action to recover damages. The remedy provided by this section cannot be invoked, except in cases of lawful change of grade, but where the alteration is made without complying with the requirements of section 187, the action of the municipal authorities is illegal and void, and the remedy of the property owner is by action to recover the damages sustained. Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821.

I think the evidence was sufficient to establish an existing grade of South Seventh avenue prior to making the improvement and alteration in question. If the defendant in altering this grade proceeded under its charter provisions, this action cannot be maintained. The presumption is that the municipal authorities acted in accordance with the law, and this presumption continues until the contrary is made to appear. Matter of Mayor, Vanderbilt Avenue, 95 App. Div. 533, 88 N. Y. Supp. 769. The burden was thus cast upon the plaintiff of showing affirmatively that the common council in making this improvement did not comply with the provisions of section 187 of the statute. This she failed to do, and no duty rested upon the defendant to establish compliance with the charter provisions until the plaintiff had at least made a prima facie case establishing her cause of action. The plaintiff gave no evidence upon this subject; and in this respect she failed to establish a cause of action, and defendant's motion made at the close of the plaintiff's case ought to have been granted, and the exception taken to the refusal of the learned trial court presents an error which requires a reversal.

The order denying defendant's motion for a new trial must be reversed, and a new trial granted; costs to abide the event.

WOODWARD and JENKS, JJ., concur. MILLER, J., concurs in result.