## KONOWALSKI v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

1. MUNICIPAL CORPORATIONS (§ 414*) — SIDEWALKS — "REPAIRS" — "RECONSTRUCTION"—NOTICE.

Buffalo City Charter, § 288 (Laws 1891, p. 200, c. 105, as amended by Laws 1901, p. 661, c. 228, § 8), requires the owner or occupant of premises to lay and relay sidewalks whenever ordered, and to keep the sidewalk in good order and repair. It also requires that the commissioner of public works shall notify the owner or occupant of any premises in front of which any such work, except the removal of stone and ice, and the repair of sidewalks, shall be required to be done, and, if the same is not done by the owner or occupant within 10 days, it shall be done by the city and the expense assessed against the property. There was a plank sidewalk five feet wide in front of plaintiff's premises, which plaintiff was directed to repair, and, after he had failed to do so, the commissioner caused the entire walk to be removed, and constructed a new concrete walk 17½ feet wide, the cost of which was assessed against the premises. Held, that the construction of such new walk was not a repair, but was a reconstruction, which the commissioner had no authority to make except pursuant to a resolution of the city council after notice to the property owner and an opportunity to be heard.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1017; Dec. Dig. § 414.*

For other definitions, see Words and Phrases, vol. 7, pp. 6007, 6096–6101; vol. 8, p. 7785.]

2. MUNICIPAL CORPORATIONS (§ 414*)—SIDEWALKS—"REPAIR."

A repair of sidewalks, as distinguished from a reconstruction, involved neither a change of materials, regrading, or a change of surface lines.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1017; Dec. Dig. § 414.*]

3. MUNICIPAL CORPORATIONS (§ 266*)—SIDEWALKS—"LAYING AND RELAYING" —STATUTES—"GRADING AND REGRADING."

Buffalo City Charter, § 288 (Laws 1891, p. 200, c. 105, as amended by Laws 1901, p. 661, c. 228, § 8), provides for the laying and relaying of sidewalks at the expense of abutting owners. Laws 1891, p. 221, c. 105, § 393, divides the streets into carriage ways and sidewalks, and Buffalo City Ordinance, c. 4, pars. 8, 9, declares that the owner or occupant may be required to grade and level the sidewalk in front of his premises between the street and curb line, and, in case of his failure to grade and level the sidewalk for a period of ten days after notice, the same may be done at his expense. Held, that the words "laying or relaying" of a sidewalk, within section 288, have the same meaning as "grading or regrading" in section 8, in each case referring to original work on the sidewalk or street, and not to repair after the sidewalk is once laid or relaid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 712; Dec. Dig. § 266.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Erie County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Michael Konowalski against the City of Buffalo to test the validity of a sidewalk assessment. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

The plaintiff is the owner of a lot with 30 feet frontage on Broadway, in the city of Buffalo, in front of which was a plank sidewalk 5 feet wide, and which was in need of repair. In the month of May, 1907, the Commissioner of Public Works of the city caused the usual notice to repair to be served upon the plaintiff, which he failed to do. After more than 10 days had elapsed, the commissioner caused the wooden sidewalk to be removed and an entirely new concrete walk 17½ feet in width to be constructed in front of the said premises of the plaintiff, and the cost of the same ($59.08) was included in the city assessment roll against the plaintiff under the head of "Construction of Sidewalks," which was confirmed by the common council. No resolution of the common council was passed directing the relaying or construction of said sidewalk or relating thereto in any way. There was no proof as to the condition of the wooden walk, nor does the record disclose that the city ordinances were admitted in evidence. They are referred to in the briefs of counsel, and were submitted upon the argument of the appeal. This action was commenced to test the validity of said assessment.

Argued before McLENNAN, P. J. and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William D. Van Pelt, for appellant.
John W. Ryan, for respondent.

SPRING, J. The court below has held that the laying of the new concrete walk in the place of the plank sidewalk was a repair of the walk. If so, the assessment is regular, and the question up for review mainly involves the construction of section 288 of the city charter (Laws 1891, p. 200, c. 105, as amended by Laws 1901, p. 661, c. 228, § 8). That section provides:

"It shall be the duty of the owner or occupant of any premises in the city, whenever such work shall be ordered by a resolution of the common council, to lay water, sewer and gas service pipes, from the main pipes in the street in front of such premises to such point beyond the curb line as the board of public works (now the commissioner of public works) may determine. It shall also be the duty of such owner or occupant to lay and relay sidewalks in front of such premises whenever the same shall be so, as aforesaid, ordered, and to at all times keep and maintain the sidewalk in front of such premises in good order and repair, and to remove snow and ice therefrom within the time and as required by the city ordinances. The board (now the commissioner) shall notify the owner or occupant of any premises in front of which any such work, excepting the removal of snow and ice, and repair of sidewalks, shall be required to be done, that if the same is not done by the owner or occupant within ten days the same will be done by the city, and the expense thereof will be assessed upon such premises."

There is the further provision that if "such work shall not be done within the time specified in such notice," and in case the owner shall fail to keep the sidewalk in front of his premises "in good order and repair," the board of public works (now the commissioner of public works) "may cause such work to be done" and the expense is made a lien on the premises, and the making of the assessment roll for such expense is also authorized in the same section.

The manner of designating the kind of work for which the particular tax is levied is prescribed in said section as follows:

"Assessment-roll for water, sewer and gas connections, constructing, repairing, and cleaning sidewalks, and removing street obstructions."

The assessment roll on which the tax of plaintiff appeared followed the form designated and contained three columns: (1) "Repairs of Sidewalks"; (2) "Construction of Sidewalks"; (3) "Reconstruction of Sidewalks," and the assessment in controversy was under column 2, "Construction of Sidewalks." The scheme of the charter provisions is to distinguish between various sidewalk improvements. If a sidewalk has once been laid and becomes out of repair, the commissioner of public works may cause the same to be repaired without notice, although the practice seems to have prevailed even in case of that improvement to serve the notice on the owner or occupant of the premises advising him that, if the repair is not made within 10 days, the work will be done at his expense. No resolution of the common council is essential for this repair work. The city may be liable for injuries caused by defective walks, and the necessity of the situation requires that the body or person in immediate charge of the walks should possess the power to act promptly and upon his own motion where they are in need of repair. In such case it seems plain that no change of materials is to be made, and no regrading or change of the surface line is contemplated. The existence of the walk implies the previous location of the grade line of the street, and no change in that is permissible except by direction of the common council as will hereafter appear. If, however, a walk is to be laid or relaid, or a new walk constructed as a substitute for an existing walk, the common council must direct that to be done and 10 days' notice of such change must be served on the owner or occupant and the commissioner of public works cannot act until the time has expired. The owner must "lay and relay sidewalks  *  *  *  whenever the same shall be  *  *  *  ordered" by the common council. This distinction between the mere repair of a walk out of condition and the construction of a new walk is carried through the entire section even in the provision as to the making of the assessment roll as already indicated. The system thus devised is wholesome and effective. The city is indorsed with plenary authority in control of the streets and of the sidewalks. In order to facilitate speedy repair of a walk, the commissioner representing the city can remedy the defects immediately, and the expense therefor is a lien upon the premises. The owner must submit to this penalty for his remissness for allowing his walk to get out of repair. If, however, the common council desire a new walk, if that body deem it advisable to replace a plank walk with a concrete, stone, or brick walk, the owner is entitled to notice of such a purpose. This requirement is no burden upon the city. The notice is only for 10 days, and the right to prescribe the kind of walk, whether of the same or different materials, and the width of the same, is vested in the common council. The

owner or óccupant, however, has notice of the duty to be imposed upon him. A lot owner upon whom a notice to repair has been served may be entirely willing to have the repairs made by the city officials, and then no question can be raised as to the work conforming to the notice. If, however, he is to be burdened with the expense of a new, vastly enlarged and far more expensive walk, he should receive notice of that radical change. In the present case, the owner, in pursuance to a notice to repair a plank walk five feet in width, the cost of which would probably have been trifling, has been subjected to the expense of a concrete walk 17½ feet in width and across his lot of 30 feet. The just distinction in the statute has been entirely ignored.

Section 393 of the charter (Laws 1891, p. 221, c. 105) in directing the general division of the streets provides that they "sh'all be suitably divided into carriageway and sidewalks." It is also provided in the ordinances of the city (chapter 4, pars. 8, 9) that the owner or occupant may be required "to grade and level the sidewalk in front of said premises between the street line and the curb line," and, in case of his failure "to grade and level the sidewalk" for the period of 10 days after notice the commissioner of public works may cause the same to be done at his expense. The claim is that the sidewalk is the dirt space between the curb and the exterior street line. Extending the argument, it is claimed as a deduction from this premise and in elucidation of section 288 referred to "that the laying and relaying of sidewalks mentioned in that section mean work on a sidewalk in its creation or establishment which an abutting owner is bound to do, or the same kind of work after an alteration or change in the street. * * * I think it may be fairly said for the purposes of this case at any rate that the laying or relaying of a sidewalk within the meaning of section 288 is the same thing as grading or regrading is within the meaning of section 8 of chapter 4 of the ordinances. In each case the reference is to original work on a sidewalk, and not a repair of it, after it has been once laid or relaid." It is doubtless true that in the two general divisions of the street the sidewalk includes the entire space between the curb and the street boundary. The whole space may be used for the walk in the discretion of the common council. When a grade has been established and a walk for the actual use of pedestrians has been laid, that visible used walk comprises the sidewalk to which the charter provisions and ordinances are limited. The cleaning of the sidewalk from snow and ice and its repair have reference to this laid walk, not to the space outside of it. The space between each curb and the nearest street line in Broadway, on which the plaintiff's lot fronts, is 28½ feet. Notice to the plaintiff to clean the sidewalk from snow and ice does not mean that he is to clear off this entire space. Section 14 of chapter 4 of the city ordinances reads as follows:

"It shall be the duty of every owner or occupant of any premises fronting on any public street or alley to remove before 9 o'clock in the morning all snow and ice which may have fallen upon the sidewalk in front of said premises. In case said sidewalk is not planked, flagged or paved its full width, it

shall be necessary to remove such snow or ice only from a space of three feet in width."

When notice to repair the existing walk was served upon the plaintiff, it had reference to the five-foot plank walk, not to the whole space to the curb line. If the respondent's contention is correct, the commissioner of public works in compliance with this notice to repair the existing 5-foot plank walk might have made the walk on this 30-foot space of the width of 28½ feet or to the curb line; or, if notice to repair was unnecessary, he might have imposed that burden upon plaintiff's premises without any notice whatever. The city authorities in levying the tax of the plaintiff recognized the distinction between repairing and construction and the form of the roll in general use maintains this difference, which is some indication of a practical construction of the statute in harmony with that which we are now seeking to give to it. In construing a statute of this kind, the power of the common council or of the commissioner of public works should not be hampered by restrictions interfering with its full efficiency in the management of the streets by the municipality. On the other hand, the right of an individual lot owner to be advised of any extensive tax burden to be assessed upon his premises should always be fairly conserved. Where the common council in its wisdom determines that a lot owner must relay his sidewalk of entirely different and much more costly materials and of a far greater width than the one in use, he should be apprised of such determination. The commissioner of public works has authority to repair the sidewalks. He cannot relay or reconstruct without a resolution of the common council. The distinction should not be abrogated. Otherwise the commissioner of his own volition may repair, lay, relay, and construct the sidewalks in front of the premises of each lot owner without any notice. He may elect to require each lot owner, or some of them, to extend their walks to the curb, although the distance may be 30 feet and such extension may not be necessary. The owner would be absolutely powerless, and have no opportunity to be heard; while, if he has a notice of 10 days, an opportunity is afforded him, if the imposition seems to him to be unjust, to appear before the legislative body, and present his objections to the contemplated improvement. It seems to me clear that it was not designed by section 288 to vest in the commissioner of public works any such enlarged power as is here claimed for that official. The assessment was not imposed conformably to the statute, and should therefore be annulled. Folmsbee v. City of Amsterdam, 142 N. Y. 118, 126, 36 N. E. 821. The judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to appellant to abide event. All concur except McLENNAN, P. J., who dissents.

KRUSE, J. (concurring). I concur in the result.

The record contains the certificate of the trial judge to the effect that the case contains all of the evidence, but I do not find in

the record the ordinance referred to in the decision or any other ordinances. Nor is there any evidence to sustain the finding that the artificial wooden walk had become so dilapidated and worn as to make it necessary to replace it with some suitable material other than wood. In fact, I find no evidence that the walk was out of repair, save such as may be inferred from the fact that notice was given to the owner to repair it. I do not think that, in order to charge the owner with the expense of repairs made by a city to a sidewalk, the same material must always be used in making the repairs as was used in the original walk, but I am unable to see why it was necessary to build a concrete walk 17½ feet wide, to repair the walk, and, besides, the assessment is not made for repairing the walk. Possibly the owner may be liable for such part of the expense as was reasonably necessary to put the walk in proper repair, although more was done than was necessary for that purpose. But that question is not here, since the assessment is not for repairs of walk, but for the construction of sidewalks, as is indicated by the assessment roll.