### LAWRENCE v. CITY OF CORNING.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. MUNICIPAL CORPORATIONS (§ 385*)—IMPROVEMENT OF STREET—CHANGE OF GRADE—DAMAGES.

Corning City Charter (Laws 1905, c. 142) § 112, provides that the grade of a street shall not be changed, except on petition of resident owners of more than one-half the lineal feet adjacent, nor unless compensation to persons damaged be made on agreement or by award of commissioners. Section 113 provides for "paving or macadamizing" streets on petition of adjacent owners. On a petition for "paving" and "grading" of a street, no proceedings were taken under section 112 to ascertain the compensation; but a radical change was made in paving the street, raising the roadbed several feet. Held, that this could not be regarded merely as grading incidental to paving, and the city was liable as for a change of grade. [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

**2. MUNICIPAL CORPORATIONS (§ 385*)—IMPROVEMENT OF STREETS—CHANGE OF GRADE—DAMAGES.**

Under Corning City Charter (Laws 1905, c. 142) § 112, providing that, when the grade of a street "has been established" by the common council and the street graded accordingly, no change shall be made without compensating persons damaged, it is not necessary that the establishment of the grade must have been made by some formal action of the common council. [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Appeal from Trial Term, Steuben County.

Action by Betsey A. Lawrence against the City of Corning. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Waldo W. Willard, for appellant.

Robbins, Browne & Greene, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover damages for the change of grade of a street in the city of Corning. There was no dispute on the trial but that the grade of the street was raised several feet in 1906, and the amount of damages recovered ($950) is not claimed to be excessive. It is contended that there was no right to recover against the city, because there never was any grade of the street established prior to 1906, and therefore no *change* of grade when the grade was raised in that year, and that the right to recover, if any existed, was against the petitioners, who procured the change in the street to be made.

The city was incorporated March 20, 1890, by chapter 58, Laws of 1890, and the charter was generally revised by chapter 142, Laws of 1905. The plaintiff owned her lot for many years before such incorporation, when the city was a village. Section 112 of the revised charter provided:

"When the grade of a street or other way has been established by the common council, or board of public works, and the street or other way graded accordingly, the grade thereof shall not be changed, except upon the petition of the resident owners of more than one-half of the lineal feet of real estate adjacent and contiguous to the part of the street or other way to be regraded, nor unless compensation be made to persons damaged by the regrading. Such compensation to be determined by agreement or by three commissioners to be appointed by the * * * court. * * * Said commissioners shall make a report to the court, * * * whose *award* shall * * * be final. * * * And when any such award shall be confirmed by the court, the amount thereof shall be a valid liability against such owners of real estate adjacent and contiguous to that part of the street or other way regraded, and may be enforced against them in the manner in this title provided for enforcing collection of the expenses of paving or grading for the purpose of paving."

Section 113 provided for *paving* or macadamizing streets, and this was done upon petitions of adjacent owners also.

In 1905 there was a petition presented to the common council for the *paving* and *grading* of the street in question. The petition did not appear to be made purely under section 112; there being no reference

to any *change* of the grade. The common council seemed to regard the application as one for *paving* and only for *grading* as incidental to the *paving*. No proceedings were taken under section 112 to ascertain the compensation to be made for damages resulting from such change of grade, and yet the city, by its officers, went on and made a radical change in the grade as it had existed since about the time the city was incorporated, raising the roadbed several feet. It could therefore hardly be regarded as merely *grading* necessary and incidental to the *paving*. It was a substantial change of the existing *grade* of the street. If it was a change of grade from one which had theretofore been established by the common council, then the city could not legally do it, except on the petition therefor under section 112, and the proceeding there provided, fixing compensation for damages, and providing for the enforcement of the payment thereof. The petitioners would not be liable, except in the manner and to the extent provided in that section. They could not be held liable in an ordinary action for damages. Petitioning for the grading merely would not render the petitioners liable for any illegal act of the city in doing the work otherwise than pursuant to the provisions of section 112. The city committed the wrong, if any one did; and, unless recovery can be had against the city, none can be had at all for plaintiff's damages.

So that the main question in this case is whether there was a change of the grade of the street, under section 112. The change must be from a grade established by the common council, and it is said this must have been indicated by some formal action or resolution under this section. I do not think so. There is no such language in this particular section, and it would be a strange construction to so hold, where the grade changed had existed during the life of the city, 16 years, or practically so, as it had done here. The city took over all streets of the village in the condition they were in at the time the city came into being. Either the grade of this street, as it then existed, continued until the change in 1906, or else the grade was changed, and established by the city soon after it was incorporated. In either case I think the change in 1906 was from a grade theretofore established or ratified by the common council.

I do not think it necessary to review the authorities cited and commented on by counsel. The principal ones are Folmsbee v. Amsterdam, 142 N. Y. 118, 36 N. E. 821, Bernhard v. City of Rochester, 127 App. Div. 875, 112 N. Y. Supp. 229, and cases therein referred to. All concur.