ELEANOR J. BARTLETT, RESPONDENT, *v.* THE VILLAGE OF TARRYTOWN, APPELLANT.

*Damages for a change of grade — a previous grade legally established need not be shown.*

The provisions of chapter 113 of the Laws of 1883 do not require a property owner, in order to authorize a recovery of damages arising from a change of grade in the street in front of his premises, to show that a grade had been, previously to such change, established by the municipal authorities of the village of Tarrytown.

APPEAL by the defendant, the Village of Tarrytown, from the award of commissioners made in the above-entitled matter, and from an order, dated the 20th day of July, 1889, made at a Special Term held in Westchester county on that day, affirming the said award.

The proceeding was instituted under chapter 113 of the Laws of 1883 by the petition of Eleanor J. Bartlett, alleging that she was the owner of certain premises in the village of Tarrytown, on which there was a dwelling-house and outbuildings; that the village of Tarrytown was a municipal corporation, and that John street, upon which the plaintiff's premises were situated, was a public street in said village; that since about the 1st day of April, 1888, the grade of John street had been greatly changed and altered so as to greatly damage the property of the plaintiff, and interfere with and hinder free access to some of the buildings thereon, and that such change of grade had been made by and under the direction of the village of Tarrytown and its officers.

*J. S. Millard,* for the appellant.

*L. T. Yale,* for the respondent.

PRATT, J.:

This is an appeal from an award for damages allowed the plaintiff by reason of a change of grade in a street fronting upon the plaintiff's lands.

No questions of irregularity in the appointment or in the proceedings of the commissioners are raised.

The principal question is, whether or not the damages are excessive. With this subject, courts cannot interfere unless the commissioners infringe some rule of law in the course of their proceedings, or fix the damages at an amount so grossly excessive as to indicate passion, prejudice or fraud.

The counsel for the defendant very ingeniously contends that this case does not fall within the statute allowing damages for a change of grade, for the reason that a grade had never been officially fixed for John street, and hence could not be changed. We think, however, that this argument is too fine for practical use.

There are many streets in all cities where the grade has never been established by resolution, but has become established by long user. The natural grade may suit well enough for years, but finally the authorities may see fit to change it. Now, can it well be said that the statute was not intended to apply to such cases? The statute is one giving a remedy, and it ought to be liberally construed. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y., 49.)

It was the intention of the legislature to afford damages to persons who were injured by changing the grade in front of their premises, and the law does not restrict the damages to streets, the grade of which had been previously established by resolution, and no good reason seems apparent why there should be any such restriction. A party might be damaged just as seriously, so that the reason of the passage of such a law might apply as strongly as in the case of altering a grade in a street which had been previously fixed by resolution of the authorities.

We also think this question should have been raised when the motion was made for the appointment of commissioners, and that the decision of that motion concludes the defendant upon this proceeding. Neither do we think that a giving of the deed by the petitioner cuts off her remedy for damages under the statute. The deed only carried the right to use the land in the street, and the changing the grade was an entirely distinct matter.

The damages are for injury to petitioner's adjoining land, and arose some time after the deed was given.

BARNARD, P. J., concurred, DYKMAN, J., not sitting.

Award of commissioners affirmed, with costs.