---

### PHIPPS v. VILLAGE OF NORTH PELHAM.

(Supreme Court, Appellate Division, Second Department. May 31. 1901.)

1. CHANGE OF GRADE—CLAIM FOR DAMAGES—TIME FOR FILING.

Village Law, § 159 (Laws 1897, c. 414), provides that persons damaged by a change of street grade must present a verified claim within 60 days after such change is "effected." A village contracted for a change of grade. A profile map was prepared, showing the proposed change, and a portion of the work done in the fall of 1898. On November 23, 1898, the board of trustees accepted and approved the map. In the following summer the contractors did further work in accordance with the map, and completed the change July 7, 1899. *Held*, that the change of grade was not "effected," within the statute, until the work was completed, and that a claim for damages filed within 60 days from July 7th was in sufficient time.

2. SAME—PREMATURE FILING—EFFECT.

Under Village Law, § 159 (Laws 1897, c. 414), providing that persons damaged by a change in street grade must present a verified claim within 60 days after such change is effected, the fact that a petitioner makes a mistake in supposing that the work is completed when it is not, and files a premature claim, will not estop him from filing a second claim after the change is effected.

Appeal from special term, Westchester county.

Proceeding by Edward L'Estrange Phipps against the village of North Pelham for the appointment of commissioners to assess damages caused by a change of street grade. From a judgment for petitioner, and from an order appointing the commissioners, the village appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry L. Rupert, for appellant.

Arthur M. Johnson, for respondent.

WOODWARD, J. This is a proceeding under the provisions of section 159 of the village law (chapter 414 of the Laws of 1897), and was instituted for the purpose of procuring the appointment of commissioners to assess the damages alleged to have been sustained by reason of a change of grade in First street, village of North Pelham, in front of the premises owned by the petitioner. The petition sets forth the jurisdictional facts, which were conceded by the defendant; and the learned court, upon a sharp conflict of evidence, made findings of fact and reached conclusions of law entitling the petitioner to the commissioners, and from the judgment and order entered the village of North Pelham appeals.

It appears from the pleadings and the evidence that on July 13, 1898, the village of North Pelham entered into a general contract with Smith Bros. for the grading of such streets and sidewalks as should thereafter be designated by the board of trustees, and for the furnishing and laying of a course of bluestone flagging along each sidewalk where designated by said board. The work on First street, in front of the petitioner's premises, was done under the provisions of this contract, and it is conceded that there was a distinct change in grade; the defense being that the petitioner has failed to bring himself within the provisions of the statute by neglecting to give the notice prescribed in the section referred to within the time limited. This is practically the only question involved in this appeal, and it is unnecessary to deal with the facts, except as they bear upon this question. In the year 1897 the village of North Pelham had caused a profile map of First street to be made by Messrs. Ford & Beach, which was apparently accepted by the board of trustees on August 19, 1897, but it does not appear that this profile was ever adopted as the grade of First street, or that the work subsequently done was in conformity to this map. In the same month that the village entered into the contract with Smith Bros., John G. Van Horn, the village engineer, made a profile map, showing what was proposed to be done under the contract in said First street, and the engineer was informally directed to have the contractors proceed with the work in accordance with this profile. The learned court at special term has found, and the findings are supported by the evidence:

"That thereafter, and during the months of August, September, and the first ten days of October, 1898, the said contractors did a portion of the work shown on the said plan or profile, and directed by the committee of said board of trustees and the engineer of said board to be done, which work changed the grade of said First street in front of the premises above mentioned of the petitioner, which change of grade consisted in the lowering of the roadbed and sidewalk of said First street in front of the said premises of the said petitioner, which sidewalk was a part of said First street, and which change of grade injuriously affected the land and the use thereof of said petitioner hereinbefore described; that on the 23d day of November, 1898, the board of trustees of the village of North Pelham accepted and approved the said profile, hereinbefore mentioned, as the profile for the change of grade to be effected on said First street; that within sixty days after the acceptance and adoption of said profile, and on the 16th day of January, 1899,

the said petitioner presented to the board of trustees of the said village of North Pelham a verified claim for damages in the amount of one thousand five hundred ($1,500) dollars for such change of grade; that thereafter, and in the month of July, 1899, and on the 5th, 6th, and 7th days thereof, the said contractors, Smith Bros., by the direction and under the authority of the board of trustees of the said village of North Pelham, did further work in accordance with said plan or profile, changing, and which changed, the grade of said First street in front of the said premises above mentioned of the petitioner, which change of grade done at that time completed said work in accordance with said profile, and consisted in the further lowering of the sidewalk of said First street in front of the said premises above mentioned of the petitioner, which sidewalk was and is a portion of said First street, and which change of grade so made at that time, together with the portion of work previously done in the year 1898, as above mentioned, injuriously affected the land, and the use thereof of the petitioner hereinbefore described; that within sixty days after such change of grade was finally effected by the work done in the month of July, 1899, and on the 28th day of August, 1899, the said petitioner presented to the said board of trustees of the said village of North Pelham a further or amended verified claim for damages for such entire change of grade in the amount of one thousand five hundred ($1,500) dollars."

The conclusions of law are in harmony with these findings, and award the petitioner the commissioners prayed for in the petition; the conclusion resting, not upon the original filing of a claim in January, 1899, but upon the filing of the claim in August, 1899, within 60 days "after such change of grade was finally effected." The language of the statute is that "a person claiming damages from such change of grade must present to the board of trustees a verified claim therefor, within sixty days after such change of grade is effected." While the word "effected" is somewhat inexact, we are of opinion that it is here used in the sense of "completed," and that the change of grade for which the injured party may claim damages is not effected until it is completed; until the village has taken some action to indicate that it has closed the work in connection with the improvement under way. The best evidence of this intention on the part of the village would seem to be the final grading and the placing of a permanent sidewalk. Until that time, the petitioner, in the absence of other evidence, would not be bound to assume that the change of grade contemplated had been effected. Used in one sense, a change of grade might be said to have been effected every time a wagon load of dirt was removed or brought upon the highway; but the change contemplated by the statute requires more than this. It has in view the official and authoritative, as well as the physical, change of grade. It can hardly be questioned that, if the village of North Pelham had intended to change the grade five feet in front of the petitioner's premises, and had only accomplished three feet of the cut when work was suspended, a notice of claim for damages would be premature based upon this cut, unless he had notice of a change of intention. A property owner is not bound to know whether a public improvement, involving a scientific knowledge of grades, has been accomplished when the work is suspended, unless there are facts and circumstances which would bring notice to a man of ordinary intelligence. The village of North Pelham, having left this improvement in an incomplete condition, concededly requiring some alteration in the grade for

the purpose of laying the sidewalk, is hardly in a position to set up the claim that the change of grade was effected, within the contemplation of the statute, when the work was suspended in the fall of 1898. The authority given by the statute is that, "if a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof," and this clearly contemplates the official action of the board of trustees in establishing a grade, and working the highway to the grade established. The village had made a contract for this purpose. The work was concededly not finished. It had not been brought to the grade necessary for the laying of the sidewalk contemplated by the contract when work was suspended in 1898; and the village, having gone back to the work, disturbing the surface of the street and laying down a sidewak, can hardly be permitted to defeat the equitable rights of the petitioner by claiming that the grade was effected when the principal part of the excavation was completed. It is clear that the provisions of section 159 of the village law contemplate that the grade is not effected until it is completed; until all has been accomplished which was in contemplation by the village; for it is provided that "all proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the condemnation law, so far as applicable, except that the commissioners, in fixing their award, may make an allowance for benefits derived by the claimant from such improvement." Until the grade is effected, until the improvement is completed in accordance with the plans, there would be no foundation on which to predicate the benefits to the petitioner. The letter and the spirit of the law require that the notice of damages shall be filed within 60 days from the completion of the work contemplated in the whole improvement, and the fact that the petitioner made a mistake in supposing the work to be completed in November, 1898, does not estop him from filing a claim after the grade is effected. The question involved in Re Bissell, 57 App. Div. 61, 67 N. Y. Supp. 962, has no relation to the facts involved in this case. In that case the grade had been established. The work done merely conformed the highway to the official grade, and we held that the change in the elevation of the sidewalk did not constitute a change of grade of the street, within the contemplation of the law. Here it is conceded that a change of the grade has taken place, and the appointment of commissioners is opposed because it is alleged the petitioner has failed to file his claim within 60 days of the effecting of the change of grade. We are of opinion that the change of grade contemplated by the village when entering into the Smith Bros. contract was not effected until all parts of the grade, in so far as it affected the petitioner, had been completed, and that this was not done until the sidewalk had been brought to grade for the purpose of laying the flagging. This is conceded to have been done in July, 1899, and a notice to the village within 60 days of that time was a sufficient notice under the law.

The judgment and order appealed from should be affirmed, with costs. All concur.