### STENSON v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

**1. MUNICIPAL CORPORATIONS—STREETS—ESTABLISHMENT OF GRADE.**

A street grade may be established by use alone, without formal adoption by resolution or ordinance.

**2. SAME—CHANGE IN GRADE.**

The mere leveling of a rough road by making slight cuts and fills necessary to make the surface smooth and uniform, without making any general change in the height of the roadway, is not a change of grade, within Laws 1892, p. 355, c. 182, incorporating the city of Mt. Vernon, and providing in sections 168 and 187 (pages 394 and 401) the manner in which changes of grade shall be made.

Appeal from Westchester County Court.

Action by Michael Stenson against the city of Mt. Vernon. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Roger M. Sherman, for appellant.

Wm. J. Marshall, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered damages as an abutting owner because of an alleged unlawful change by the defendant of the grade of the street known as "South Eighth Avenue," in the city of Mt. Vernon. The plaintiff's property is 100 feet front between Fourth and Fifth streets, and has a small two-story frame house upon it. The lot is a low one. If the acts of the defendant amounted to a change of the grade of the street, it seems to be conceded that they were unlawful, under the provisions of the city charter, and that they consequently subjected the defendant to liability for any damage resulting to the abutting property. The provisions of the city charter (chapter 182, p. 355, of the Laws of 1892) which it is claimed were violated are contained in sections 168 and 187, and no further reference to them is necessary for the purpose of this decision.

It appears that South Eighth avenue was, prior to the alleged change of grade, an ordinary dirt road, which had been used and maintained by the municipal authorities as a street for nearly half a century, and houses, including the plaintiff's, had been built upon

it with reference to the natural grade which had been established by use. A street grade may be established by use alone, without formal adoption by resolution or ordinance. Folmsbee v. City of Amsterdam, 142 N. Y. 118, 124, 36 N. E. 821. It was held, however, in Farrington v. City of Mt. Vernon, 166 N. Y. 233, 59 N. E. 826, that an assessment made by the defendant for a street improvement would not be vacated on the ground that the proceedings constituted a change of grade, and were in violation of the provisions of the city charter, where the improved street was without an established grade, and the leveling of its surface was a mere incident to the work of improvement. The language of the court (page 237 of 166 N. Y., page 828 of 59 N. E.) was as follows:

"The change that was made in the grade of North Fourth avenue was to level its surface only so far as was necessary to enable the city to properly construct the street. There was no proof that any grade had been previously established. On the contrary, the evidence was that North Fourth avenue was a mere public highway, and that, to properly construct or repair it, it was necessary to level and grade it to the extent and in the manner it was proved to have been done. That was the only change as to the grade which was made, and falls far short of such an alteration or change as was intended by section 187. The obvious purpose of that section was to permit the alteration or change of the general grade of a street which had been previously established, where buildings or other structures had been erected with reference to such grade. In other words, the chief object of that section was to authorize the change of an established grade, and to provide a method of indemnity to persons whose buildings or structures were injured by such general alteration or change. But it has no application where, as a mere incident of an improvement or construction of a street, the leveling of its surface or bringing it to a proper grade is required."

I think that decision is conclusive against the plaintiff's right of recovery. It settles the law to the effect that the mere improvement of a street is not an alteration of the grade, within the meaning of the statute, notwithstanding some physical changes of the surface of the street may be incidental to the improvement. South Eighth avenue was concededly a rough, hummocky road before the improvement complained of, and the improvement consisted only in leveling it by making the slight cuts and fills which were necessary to render its surface smooth and uniform. There was certainly no apparent intention of changing the grade of the street by making it either generally higher or lower than it was, and no such effect was in fact accomplished. The incidental reduction of mounds and filling of hollows chanced to result in making the street in front of the plaintiff's property somewhat higher than it formerly was, varying in extent along a frontage of 100 feet from 7 inches at one end to 1 foot and 9 inches at the other end. These are the measurements of the engineer in charge of the work, taken at the center of the highway, although the change is greater, of course, at the inside end of the sidewalk. But the plaintiff admitted that the effect, if any, was slight at that portion of the lot where the house stood; saying that "that part of the lot where the house now is, is more nearly what it originally was, as to the grade, than the rest of it." The city made a gutter and a curb, relaid the plaintiff's flagged sidewalk, and macadamized the road, and it cannot be that such an im-

provement operated to depress the value of the abutting property. The nature of the change was clearly described by the plaintiff's witness, the engineer under whose supervision the work was done. He testified as follows:

"This was·a heavy, irregular road, in places. It was not what I should call graded anywhere. There was no continuous, unbroken grade or rise between Fourth and Fifth street along one level or one rise at one continuous angle. It·was an irregular road. Speaking as an engineer, I would not consider that a graded road. I should not think it was a graded road until this improvement was made. * * * The improvement was designed to, and did, change the irregular line of the old dirt road into the evenly continuous ascent and roadbed of the street as completed."

The view herein taken of the case renders it unnecessary to consider the other points presented.

The judgment and order should be reversed.

Judgment and order of the county court of Westchester county reversed, and new trial ordered; costs to abide the event. All concur.