## STILLMAN v. VILLAGE OF NORTH OLEAN.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

1. MUNICIPAL CORPORATIONS (§ 399*) — STREET IMPROVEMENTS—CHANGE OF GRADE—DAMAGES TO ABUTTING PROPERTY—ESTOPPEL.

Where, when a petition for paving a street was presented to the trustees of a village, the plans therefor had not been made, and one signing the petition was told by the trustees that the construction of the pavement would cause no appreciable change in the grade of the street that would damage his property, and signed in reliance on such statement, and it did not appear that the paving could not be done without making so great a change, petitioner was not estopped from claiming damages for changing the grade.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 958, 959; Dec. Dig. § 399.*]

2. MUNICIPAL CORPORATIONS (§ 402*) — STREET IMPROVEMENTS—CHANGE OF GRADE—CLAIM FOR DAMAGES.

Under Village Law (Consol. Laws, c. 64) § 159, requiring a claim against a village for change of grade of a street to be presented within 60 days after such change of grade is effected, where the cutting down of a street and the laying of a brick pavement was one entire piece of work, the change of grade was effected when the work was completed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 973; Dec. Dig. § 402.*]

Appeal from Special Term, Cattaraugus County.

In the matter of the application of F. V. R. Stillman against the Village of North Olean to determine the compensation to be paid for the change of grade of a street. From the order, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Henry Donnelly, for appellant.
Dana L. Jewell, for respondent.

KRUSE, J. The petitioner and respondent upon this appeal seeks to recover damages to his premises in changing the grade of a street upon which the premises front. The proceeding is brought under section 159 of the village law (Consol. Laws, c. 64).

At the time the grade was changed and the proceedings instituted, the village of North Olean was in existence, and the street in question was one of the streets of that village. By chapter 369, Laws 1908, the village of North Olean was merged in the city of Olean, its territory included within the bounds of the city, and all the liabilities of the village imposed upon the city. The city now contests the claim of the petitioner. The change of grade seems to have been occasioned by the paving of the street, but the trial judge finds, and the evidence seems to support his conclusion, that the change was not a correction of irregularities existing in the grade before the street was paved, but was a change of the general grade.

It is now contended that, because the petitioner joined in the petition for paving the street, he is estopped from claiming damages for

changing the grade. I think not. At the time the petition for paving
was made and presented to the trustees of the village, the plans there-
for had not been made, and the trial judge finds that the petitioner
was told by the trustees that the construction of the pavement would
not cause any appreciable change in the grade of the street that would
damage his property, and that he signed the petition relying upon
that statement. Moreover, it does not appear that the paving of the
street could not have been done without making so great a change in
the grade as was made, although it is not at all improbable that the
best interests of the village as a whole required the cutting of the
street and change of grade. Section 159 of the village law empowers
a village to change the grade of a street, but provides that:

"If such change of grade shall injuriously affect any building or land ad-
jacent thereto, or the use thereof, the change of grade, to the extent of the
damage resulting therefrom, shall be deemed the taking of such adjacent
property for a public use."

And it further provides that a claim for damages may be presented
within 60 days after such change of grade is effected. It permits
the board of trustees to compromise the claim, or, if the claim is not
compromised, an application may be made for the appointment of
commissioners, as was done in this case. Other provisions relating
to the procedure are contained in the act, but they have no relation
to the question involved upon this appeal.

There is evidence to sustain the finding that the change in the
grade injuriously affected the premises, but, in view of some of the
testimony upon the question of damages, it may be proper to suggest
that in determining that question the statute requires the commission-
ers to make an allowance for the benefits, if any, derived by the claim-
ant from the improvement.

The point is made on behalf of the appellant city that the claim was
not presented within 60 days after the change of grade was effected.
The determination of that question depends upon whether the time for
the presentation of the claim commenced to run immediately after the
street was cut down or after the brick had been laid and the improve-
ment completed. Until the brick were laid and the improvement
completed, the grade could be changed. The cutting down of the
street and the laying of the pavement was one entire piece of work,
that of paving the street, and I think the change of grade was effected
when the work was completed; and so it was held in Phipps v. Vil-
lage of North Pelham, 61 App. Div. 442, 70 N. Y. Supp. 630.

The order should be affirmed, with costs. All concur.