Matter of the Application of ORVILLE E. ALLEN, and Others, to Vacate, etc., the Assessment, etc., of the Common Council and Assessors of the City of Hornell, N. Y., in Relation to the Paving of Canisteo Street in said City.

(County Court, Steuben County, December, 1911.)

Local improvements —Amount of assessment, items of expense included and apportionment of benefits — Expenses included — Curbing, paving and guttering streets as including expense for sidewalks.

> The charter of the city of Hornell, which provides for curbing, guttering and paving streets and assessing the cost on the city and adjacent property owners, contemplates including the expense of relaying the sidewalks on an established grade in the cost of the improvement.

APPEAL by certain taxpayers, under section 157 of the charter of the city of Hornell, from an assessment for paving made by the common council, board of public works and the assessors of said city.

Harry L. Allen (Monroe Wheeler, of counsel), for petitioners.

Francis M. Cameron, for respondents.

BURRELL, J.  In the year 1910, the city of Hornell, acting pursuant to a petition of the property owners as required by the city charter, through its proper departments, caused a portion of Canisteo street in said city to be graded, curbed, guttered, and paved with brick.  The plans, maps and profiles of the work were made by the city engineer and duly filed and show that this street, prior to this paving done by the city, was somewhat irregular and that the elevation of the street, both as to the roadway and sidewalks, conformed to no particular grade.  The portion of the paved street lies at the base of a hill, the adjoining properties on that side of the street are terraced at varying heights, and on

33

the other side of the street the adjacent lands are consider-
ably lower, and between the lines of this street were the old
sidewalks and unimproved dirt roadbed and the tracks of the
Hornell Traction Company which operates a street railroad
running through said street to Canisteo.

It is claimed on the part of the appellants herein that,
while the paving of this street was desired, yet the board of
public works and the common council and assessors erred in
including in said paving assessment certain amounts for
building sidewalks along said street, and that these sidewalks
had already been built under the direction of the city, in
conformity with its charter and on an established grade, and
that in paving this street the city changed the grade so
that it became necessary to also change the grade of the
sidewalks, at least in some places, and that some were torn
up by the city in so changing the grade and have never been
replaced; also that other walks were laid on the new grade,
and the expense thereof was also put in this special tax
assessment for paving, so that owners of property on said
street, in front of whose property cement walks were rebuilt
or are to be constructed, are required to pay their share of
the expense in building brick walls in front of other prop-
erty. In short it is claimed on the part of the appellants
that the city has erroneously assessed this paving tax, by
putting in said tax certain expenses incurred for building
sidewalks on a new grade, which should not have been legally
included therein, and ask for those reasons that this assess-
ment for paving be set aside by this court.

The question before me is, did the city of Hornell have the
power under its charter to pave this street in this manner and
under the existing conditions; and, if it had such power, has
it properly assessed the tax therefor as provided by the
charter of the city.

Section 156 of the charter of the city of Hornell reads as
follows: " Subject to the restrictions in this title contained
the board of public works, with the consent and approval of
the common council, shall have the power to cause any street,
lane, alley, bridge, highway or public grounds, or any part
or parts thereof, to be curbed, and guttered or curbed and

guttered and paved or macadamized, and, if necessary, to be properly graded for the purpose of paving or macadamizing the same."

The same section further provides that the city shall pay one-third of such expense and the adjacent property owners two-thirds, assessed according to the lineal feet of the real estate owned by each person on said street or part thereof.

Section 158 of the charter allows the grade to be changed on a street for the purpose of correcting errors or making improvements in the general drainage plan.

It seems to me, however, that these sections referring to the paving of streets and the change of grade must be construed and read together to get the real meaning and intent of the charter on the subjects; and that the sections of the charter, when so read, give ample power to the city authorities to cause any street to be curbed, guttered and paved and to be properly graded for that purpose, and provide the method of procedure and the mode of payment therefor.

The respondent herein maintains that there was no change of grade in the street in question, and that when new walks were laid they were not charged in this assessment for paving; that, instead of being put in this tax as alleged by the appellants, the procedure was, as shown by the testimony of the city engineer and superintendent of the board of public works, as follows: "An itemized statement was returned by the man who has charge of the work, a duplicate bill was made out in our office and one sent to the owner and the other to the city chamberlain; the city chamberlain presents it, when the tax roll is made up for the ensuing year, if it is not paid it is placed in the tax roll." He further states in his testimony that no new walks were laid and charged to the cost of paving. What he did do he states as follows in his testimony: " The walks were at various elevations not conforming to the curb. I took up the walks and laid them at a position which was above the curb on both sides of the street and a certain distance back, conforming as nearly as possible with the lines of the street and with the elevations of the curb."

From the evidence it appears that the sidewalks along

this street ' in question, Canisteo street, were at varying heights; and no evidence is presented sufficient to show to my· mind that there had ever been an established grade made by the city of the sidewalks as a whole on this street.

The paving of its street is an improvement in a city; and, when the city reaches a point in its growth so that a street is subject to much traffic and other portions of the city have already been paved, there comes a time when such paving is not only an improvement, but becomes a ·real necessity and generally to be desired by the owners of property on the street, which was the situation in this case.　The charter of the city was framed to meet just such necessities and improvements.　The change that was made in the grade of this street seems reasonable, as the evidence is that the change that was made was to level the surface of the street only so far as was necessary to enable the city to properly construct and pave the street in obedience to the request of the requisite number of property owners filed with the common council, and the leveling of the surface of the street to a proper grade was a mere incident to the construction and improvement of this street.　Farrington v. City of Mount Vernon, 166 N. Y. 233; Fuller v. City of Mount Vernon, 171 id. 247; Farrington v. City of Mount Vernon, 102 App. Div. 17.

In Matter of Burmeister, 76 N. Y. 174, the court says, "A 'street' includes sidewalks and gutters, and 'paving' includes 'flagging.' The work, therefore, of setting curb and gutter stones, and flagging the sidewalk of a street, which has once been done, is included in the phrase, 'repaving any street,' in said exception; it was intended to embrace the· whole street and every kind of paving."

In Matter of Phillips, 60 N. Y. 16, it was held that " Flagging is one species of pavement, and an assessment for reflagging a street is an assessment for repaving."　To the same effect are the cases in 62 N. Y. 224; 52 id. 526; 63 id. 637, 56 id. 60.

It is also held that to relay a sidewalk is to repave that portion of the street set apart for pedestrians.　69 N. Y., supra, and 62 id., supra.

The burden of proof is on the petitioners to show the error

in the assessment; the presumption is in favor of the validity of the assessment. Matter of Brady, 85 N. Y. 268.

It is apparent to my mind that the assessment complained of was properly made and only contained those items which were legitimate portions of the special tax, and that the same was properly divided as the charter provides, to wit: One-third against the city and two-thirds against the property owners.

It follows that the appeal to this court from said assessment must be dismissed and the assessment confirmed, with costs.

Appeal dismissed.