(160 App. Div. 158)

## HUNT v. VILLAGE OF OTEGO.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

1. MUNICIPAL CORPORATIONS (§ 385*)—STREETS—CHANGE OF GRADE—DAMAGES —ALLOWANCE.

Plaintiff testified that in the improvement of a street the grade was cut out of a ditch in front of his premises, which it was necessary to cross to enter his lot from the pavement, about 31 inches at the northerly line, 35 inches opposite the center of the lot, and 37 inches at the south line, while the surveyor placed the depression at 17, 21, and 23 inches, respectively, taken at the crown or center of the street. *Held*, that such change of grade was not a mere correction of irregularities existing before the street was paved, but constituted a change of the general grade for which plaintiff was entitled to compensation as provided by Village Law, § 159 (Consol. Laws, c. 64).

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 385.*]

2. MUNICIPAL CORPORATIONS (§ 385*)—STREETS—CHANGE OF GRADE.

Since the grade of a street may become established by usage, acquiescence, and recognition without any formal ordinance on the part of the municipality, it is not essential to entitle a landowner to recover damages for a change in the grade that there shall have been a prior formal establishment of the grade.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

3. MUNICIPAL CORPORATIONS (§ 399*) — STREET IMPROVEMENT — CHANGE OF GRADE—ASSENT—RIGHT TO DAMAGES—WAIVER.

Village Law (Consol. Laws, c. 64) § 159, subd. 2, provides that no person shall be entitled to recover damages by reason of a street improvement, who shall in writing request that the grade of any such street shall be changed, but that the subdivision shall not apply to a change of the grade of streets, highways, or bridges by village authorities. *Held*, that a property owner, by marking his ballot "yes" at an election to determine whether a street should be improved, did not assent to the change of grade in a village which had exclusive control of the streets therein so as to preclude his recovering damages therefor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 958–961; Dec. Dig. § 399.*]

Appeal from Special Term, Otsego County.

Application by Frank W. Hunt against the Village of Otego. From an order appointing commissioners to ascertain and appraise compensation to be made to petitioner by reason of a change in the grade of River street in such village, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Tilley Blakeley, of Otego, for appellant.

L. F. Raymond, of Franklin (C. L. Andrus, of Stamford, of counsel), for respondent.

LYON, J. This is an appeal from an order appointing three commissioners to determine the compensation which should be made to the petitioner-respondent, on account of the depreciation of the value and use of his premises, by reason of the change of grade of River street

in the village of Otego, occasioned by paving the street. The appellant interposed an answer to the petition, which, so far as is material to be noticed here, admitted that the village had exclusive control and jurisdiction of River street, but denied it had made a change in the grade of the street beyond that incident to removing inequalities in the surface, and also denied that the petitioner's premises had been injuriously affected by lowering the grade of the street. The issues thus formed were ordered to be tried and determined, preceding the appointment of commissioners. In accordance therewith, a trial was had, the court finding that the change effected was in law a change of grade as contemplated by section 159 of the Village Law (Consol. Laws, c. 64; Laws 1909, c. 64), and that it had injuriously affected the property of the petitioner and his interest or title therein and the use thereof. The court thereupon granted an order appointing three commissioners of appraisal to ascertain and determine the amount of damages to which the petitioner was entitled by reason of such change of grade. The decision of the court and granting the order were fully warranted by the evidence.

[1] The change of grade was clearly more than a mere removal of irregularities or improvement of the street, as was the case in Matter of Bissell, 57 App. Div. 61, 67 N. Y. Supp. 962; Dist. L'Estrange Phipps v. North Pelham, 61 App. Div. 442, 70 N. Y. Supp. 630; Farrington v. Mt. Vernon, 166 N. Y. 233, 59 N. E. 826; and Stenson v. Mt. Vernon, 104 App. Div. 17, 93 N. Y. Supp. 309. The change made under the Baird survey was a material change from the natural grade at which River street, between Follett street and the tracks of the D. & H. Co., a distance of several hundred feet, had been maintained for fully 40 years, subject to the immaterial changes in contour which might occur as the result of the annual working of the street. In fact, the change of grade resulting from the Baird survey appears to have been the first ever officially established over this portion of River street. This change of grade in front of the premises of respondent and of adjacent owners was radical. The respondent testified that it cut the street at the ditch in front of his premises, which he must cross in order to enter his lot from the pavement, about 31 inches at the northerly line, 35 inches opposite the center of the lot, and 37 inches at the southerly line, while the testimony of the surveyor placed the depression at 17, 21, and 23 inches, respectively, taken at the crown or center of the road. The authorities amply support the holding of the court that this cutting of the street effected a change of grade for which property owners injuriously affected thereby were entitled to be awarded compensation. Where a change of grade is not a mere correction of irregularities existing before the street was paved, it constitutes a change of the general grade. Matter of Stillman v. Village of North Olean, 142 App. Div. 300, 126 N. Y. Supp. 728.

[2] A prior formal establishing of a grade was not necessary in order that the change under the survey should constitute a change of grade. A grade of a street may become established by usage, acquiescence, and recognition without any formal ordinance on the part of

the municipality.   McCall v. Village of Saratoga Springs, 9 N. Y. Supp. 170; [1] Bartlett v. Village of Tarrytown, 55 Hun, 492, 8 N. Y. Supp. 739; O'Reilly v. City of Kingston, 114 N. Y. 439, 21 N. E. 1004; Whitmore v. Village of Tarrytown, 137 N. Y. 409, 33 N. E. 489; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 125, 36 N. E. 821. That the grading of River street to conform to the Baird survey effected a change of grade within the meaning of section 159 of the Village Law was fully established by the evidence.

[3] Further objection is made to the affirmance of the order appealed from upon the ground that, by voting at a special village election in favor of the proposition authorizing the trustees of the village to issue its obligations for the purpose of paying in part for improving River street by grading and paving it, the respondent thereby assented to the change of the grade of the street.   Subdivision 2 of section 159 provides:

"No person or property owner shall be entitled to recover any damages who shall, in writing, request or assent that the said grade of any such street shall be changed or altered."

The appellant contends that the respondent, by placing an "x" mark opposite the word "yes" upon the ballot voted by him, thereby assented in writing to the change of grade, and hence is not entitled to recover damages.   The clause at the end of section 159, to the effect that subdivision 2 shall not apply to the change of grade of streets, highways, or bridges by village authorities, would seem to dispose of this contention as having no application in a case like the present, where concededly the village has exclusive control and jurisdiction of the streets or bridges therein and may, and in fact did, change the grade thereof.

The order appealed from must be affirmed.   All concur.