CLARA WILLIAMS et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 45626.)

Third Department, April 13, 1970.

*Sandoe, Hopgood & Calimafde* (*Paul H. Blaustein* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Richard A. Foster* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a judgment in favor of respondent, entered September 23, 1968, upon a decision of the Court of Claims.

The claim was brought to recover damages allegedly sustained by the claimants to their real property located on the easterly side of North Washington Street in the Village of Athens, County of Greene, as the result of the reconstruction in 1958–59 of State Highway No. 5367, also known as Catskill-Athens, Route 385. Claimants' property consists of an irregular parcel of land having depth of 250 feet and a maximum width of 186 feet, the frontage on North Washington Street being 146 feet. On this parcel there exists a stone dwelling house constructed in the year 1724 which is known as the "Van Loon Residence" and which has been designated an historical landmark by the Department of Education.

Claimants purchased this property in 1948 for use as a residence and for which they paid the sum of $1,700, and they made substantial repairs after the acquisition of the property. The State prepared an appropriation map for the purpose of acquiring a triangular parcel of land northerly of the building for the 1958–1959 reconstruction of Route 385 which map was officially withdrawn on March 27, 1959 by reason of the vigorous opposition of claimants. This claim alleging a *de facto* appropriation; a change of grade; interference with easements and consequential damages, was filed on September 14, 1965 pursuant to section 30 of the Highway Law and an enabling act of the Legislature. (L. 1965, ch. 195.)

Prior to the reconstruction of Route 385 the sidewalk in front of claimants' building was at the same level as the entranceway to the building. After the reconstruction, the sidewalk grade had been raised 12 to 18 inches, resulting in claimants' front door opening two steps below the sidewalk. The evidence establishes that the grade at the center line of the road pavement was not changed from the prior grade established in 1912.

The Court of Claims determined that there was no appropriation of claimants' property, and that there was no change of grade within the meaning of the Village Law and granted the State's motion to dismiss the claim. The testimony established that the sidewalk was moved about four inches easterly of its former location, and the easterly edge of the sidewalk is now five inches west of the southwest corner of the stone dwelling on claimants' property. This testimony, however, did not establish that the sidewalk encroaches on claimants' property or that it did not lie within the right of way of the highway.

The record sustains the finding by the Court of Claims that there was no taking of claimants' property, and the main issue on this appeal is whether or not there was a change of grade of the highway abutting claimants' property resulting in compensable damages.

Claimants contend that the change of sidewalk grade caused severe drainage problems, loss of view, and substantially reduced the market value of the property. They claim that the change of grade in the sidewalk area is a change of grade within the meaning of section 159 of the Village Law and that, since the work was done by the State, they are entitled to recover any damages incurred by their property as the result of the change or alteration of the grade. Section 159 of the Village Law imposes liability upon a village for damages resulting from a change in grade of a village street, made by the village, and subdivision 15 of section 30 of the Highway Law imposes such liability upon the State when the work resulting in a change of grade of a village street is done by the State. (*240 Scott, Inc.* v. *State of New York,* 18 N Y 2d 299; *Selig* v. *State of New York,* 10 N Y 2d 34; *Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678; *Matter of Reitz* v. *Village of Allegany,* 270 N. Y. 525; *Knights* v. *State of New York,* 161 Misc. 552, affd. 251 App. Div. 781, mot. for lv. to app. den. 275 N. Y. 650; *Mistretta* v. *State of New York,* 201 Misc. 946, affd. 280 App. Div. 960.)

Although the State's own witness testified that the grade of the sidewalk had been raised 12 to 18 inches, the State argues that if there were any damages to claimants' property, they are not compensable inasmuch as the alteration was merely an adjustment of the sidewalk to the street and the grade of the street itself as established along the center line thereon has not been changed .

Where the facts establish that the construction performed consisted of minor adjustments to the road surface for purposes of repair or improvement, or consisted of causing the inequalities of the street to conform to an already established and existing grade, there was no change of grade within the meaning of the statute. (*Matter of Whitmore* v. *Village of Tarrytown,* 137 N. Y. 409; *Comesky* v. *Village of Suffern,* 179 N. Y. 393.) Thus, where the existing road is rough and irregular, the municipality works no change of grade by smoothing and topping the surface even though the effect is to raise or lower parts thereof since the act intended to be an improvement merely brings the road to a consistent level rather than to make it higher or lower.

(*Stenson* v. *City of Mount Vernon*, 104 App. Div. 17; *Farrington* v. *City of Mount Vernon*, 166 N. Y. 233.)

The construction involved here cannot be considered as minor modifications of the existing road. The traveled portion of the highway was widened substantially and repaved. The sidewalk was raised for the entire length of claimants' property and was also widened. The tilt of the sidewalk was changed from a slope of one on four to one on two. This was more than slight or gradual improvement of the existing grade, but was, instead, a radical change by the State of the long-established grade. It is true that the traveled portion remained unchanged at center line, but the grade of the entire highway width need not be changed before compensation is required.

A highway is not limited to that portion traveled by vehicles, but also includes a sidewalk. (*Phipps* v. *Village of North Pelham*, 61 App. Div. 442.) The State's own evidence here establishes that the sidewalk is within the boundaries of the right of way of North Washington Street. The grade of a street or highway includes the elevations of the entire highway as measured from a level line, and is not limited to the grade of the street or highway along its center line.

A change in grade of a sidewalk constructed on the highway is then a change in part of the grade of a highway, although the grade along the center line is not changed. Where a sidewalk is a part of the street, any material alteration of the grade of sidewalk is an alteration of the grade of the street within the meaning of the statute. (*Phipps* v. *Village of North Pelham, supra*; *Matter of Nicholoy* v. *Village of Newark*, 130 N. Y. S. 1033, affd. 155 App. Div. 941, app. dsmd. 209 N. Y. 561; 26 Am. Jur. 2d, Eminent Domain, § 230.)

In the *Matter of Hunt* v. *Village of Otego* (160 App. Div. 158, 159–160), the court, affirming an award of damages caused by a change of grade of a village street stated "The change of grade was clearly more than a mere removal of irregularities or improvement of the street, as was the case in *Matter of Bissell* (57 App. Div. 61; distinguished in *Phipps* v. *Village of North Pelham*, 61 id. 442) * * * where a change of grade is not a mere correction of irregularities existing before the street was paved, it constitutes a change of the general grade. (*Matter of Stillman* v. *Village of North Olean*, 142 App. Div. 300)."

In the present case the level of the sidewalk has been raised 12 to 18 inches. This constitutes a change of grade within the meaning of section 159 of the Village Law, and claimants are entitled to be compensated for any damages resulting there-

from. In view of the absence of any findings of damages by the Court of Claims, the case must be remitted for findings of damages resulting from the change of grade.

The judgment should be modified, on the law and the facts, in accordance with this opinion and the case remitted to the Court of Claims for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to claimants.

HEERLIHY, P. J. (dissenting). The general facts relating to this case are set forth in the majority opinion.

For the reasons hereinafter set forth, I disagree with the legal conclusion of the majority that the State is liable in this case for damages resulting from the alleged change of grade and, further, I disagree with their factual conclusion that the reconstruction of Route 385 in front of the claimants' residential building constituted a change of grade injuriously affecting the claimants' building or abutting land or the use thereof.

It is well established that in the absence of an appropriation of a portion of an abutting owner's premises the State is not liable for damages resulting from a change of grade in the reconstruction of highways. However, as is evidenced by the cases cited by the majority, the State has in various statutes assumed such statutory liability as the municipality wherein the reconstruction occurred may have been subject to by virtue of pre-existing statutes. As a general proposition it appears that if the owner of real property within the territorial limits of an incorporated village would have a cause of action for damages resulting from a change of the grade of a road or highway in front of his premises against the State in the present case, it is by virtue of subdivision 15 of section 30 of chapter 544 of the Laws of 1944 which provided in part as follows: " 15. If the work of constructing, reconstructing or improving such state highways and bridges causes damage to property not acquired * * * the state shall be liable therefor, *but this provision shall not be deemed to create any liability not already existing by statute.*" (Emphasis supplied.) The above quoted language first appeared in the Laws of 1944 and has been continued in the present subdivision 15 of section 30 of the Highway Law.

The majority appear to assume that at the time of the enactment of chapter 544 of the Laws of 1944 villages were liable to abutting owners for damages resulting from the change of grade of highways located within their territorial limits regardless of what the rights of the village may have been in regard to jurisdiction and control over the particular highway and without consideration of whether or not such change of

grade was created by the village itself. Such, however, was not the status of the statutory liability of villages in 1944.

Prior to 1883 the owners of property located within the territorial limits of an incorporated village could not recover for damages caused to their property by the change of grade of such streets and highways as abutted their property. Chapter 113 of the Laws of 1883 generally imposed liability for damages resulting from any and all changes of grade "in any incorporated village". (Cf. Second Class Cities Law, § 99.) The General Village Law was first enacted by chapter 414 of the Laws of 1897 and section 159 thereof contained language identical with the first two sentences of subdivision 1 of section 159 of the present Village Law, to wit: "If a village has *exclusive control and jurisdiction* of a street or bridge therein, it may change the grade thereof. If such change of grade shall *injuriously affect* any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use." (Emphasis supplied.) Chapter 414 of the Laws of 1897 purported to repeal chapter 113 of the Laws of 1883 which had imposed general liability for change of grade, but in *Matter of Torge* v. *Village of Salamanca* (176 N. Y. 324, 328, 329 [1903]) the court held there was no effective repeal and thus, general liability was still imposed on a village regardless of "exclusive control and jurisdiction".

In *Matter of Lawrence* v. *Village of Mamaroneck* (263 N. Y. 455, 458 [1934]) it was noted that chapter 113 of the Laws of 1883 as amended prior to 1934 had been carried forward as subdivision 2 of section 159 of the Village Law and held that as of 1934 there was still general liability imposed upon villages pursuant to said subdivision 2 regardless of the provisions of subdivision 1 as to "exclusive control and jurisdiction".

Subsequently, subdivision 2 of section 159 (Village Law) was amended by chapter 294 of the Laws of 1936 which as applicable to this case provided as follows: "This subdivision shall not apply to the change of grade of streets, highways or bridges *by village authorities* nor to the change of grade, made by the state, of a bridge or state highway, which is under the *exclusive control, supervision or jurisdiction of the state.*" (Emphasis supplied.) The above quoted portion of subdivision 2 of section 159 (Village Law) was further amended by chapter 563 of the Laws of 1938 to include in exclusion thereof change of grade created by counties upon county highways. This portion of subdivision 2 of section 159 (Village Law) has

been continued in identical language in subdivision 2 of section 159 of the present Village Law.

As of the assumption of statutory liability by the State pursuant to subdivision 15 of section 30 of chapter 544 of the Laws of 1944 there was no longer any liability imposed upon villages or upon the State as to the change of grade of highways within the State's exclusive control, supervision or jurisdiction imposed by virtue of chapter 113 of the Laws of 1883 as continued in subdivision 2 of section 159 of the Village Law. However, it appears that the State would be responsible for changes of grade created by it upon highways within the territorial limits of an incorporated village if such highway were not within its exclusive jurisdiction, supervision or control.

It appears undisputed that the subject reconstruction in the present case involved a highway which, since at least 1912, has been a designated State highway and over which the State has at least had since that time exclusive supervision within the statutory language of subdivision 2 of section 159 (Village Law) and over which the Village of Athens has never had "exclusive control and jurisdiction" since that time. Under such circumstances it does not appear that there was any statutory liability assumed by the State as to the subject highway in the Village of Athens by virtue of subdivision 15 of section 30 of the Highway Law as enacted in 1944.

Prior cases dealing with liability on the part of the State as to changes of grade within villages resulting from the elimination of grade crossings deal with the assumption of liability under different statutes and facts and are inapplicable to the instant case. The cases dealing with abutting owners in cities are also inapplicable.

Providing landowners damages in cases of change of grade without an appropriation within cities or under certain circumstances within villages and denying such damages to landowners generally along highways would seem unfair and unrealistic in this day and age. The selective assumption of liability by the State for changes of grade as to cities and under certain circumstances as to villages emphasizes the inequality of rights of landowners abutting State highways. The resolution of such patent inequality, however, is for the Legislature and in any event is not for an intermediate appellate court.

A review of the photographs submitted as exhibits and the relevant testimony reveals that the conclusion of the trier of the facts that there was no change of grade with an injurious

effect upon the claimants' property within the meaning of the Village Law was supported by the record. It does not satisfactorily appear that the water damage allegedly suffered by the claimants since the reconstruction of the highway was proximately caused by such reconstruction, and the sidewalk construction would appear to be a benefit to the residence.

The judgment appealed from should be affirmed.

GREENBLOTT, COOKE, and SWEENEY, JJ., concur with STALEY, JR., J.; HERLIHY, P. J., dissents and votes to affirm, in an opinion.

Judgment modified, on the law and the facts, in accordance with this opinion and case remitted to the Court of Claims for further proceedings not inconsistent herewith, and, as so modified, affirmed with costs to claimants.